PATRICK F. KERRIGAN'S CASE.

Suffolk. January 30, 1893. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Poor Debtor — Commitment to Jail for Contempt — Habeas Corpus — Statute.*

A commitment of a poor debtor to jail for contempt, under the provisions of the St. of 1890, c. 128, is merely a proceeding in aid of other statutory provisions relating to the collection of judgment debts, and the debtor may obtain his discharge in any of the ordinary methods applicable to an arrest upon an execution; and there is nothing unconstitutional or illegal in such an imprisonment.

PETITION, filed January 24, 1893, for a writ of habeas corpus to the keeper of the jail at Cambridge, alleging that Patrick F. Kerrigan was unlawfully restrained of his liberty at the jail by such keeper. Hearing before *Morton*, J., who, at the request of the petitioner, adjourned the case into the full court; such entry to be made as the court should direct. The facts appear in the opinion.

*F. P. Curran*, for the petitioner.

*H. E. Fales & S. H. Tyng*, contra.

ALLEN, J. The facts in this case, as ascertained partly from the recitals of the mittimus, and partly from the oral statements of counsel, are as follows.

The judgment creditors, having an execution against Kerrigan obtained in an action of contract, made application to the Fourth District Court of Eastern Middlesex for a certificate authorizing his arrest, upon the charge that he " has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiffs' claim." Pub. Sts. c. 162, § 17, cl. 1, § 18. Upon this application, notice was issued to Kerrigan to appear at a time and place therein fixed, and submit to an examination touching his estate. He accordingly attended before the court, and at the examination it appeared that, after the service of the notice and pending the examination thereon, he made a payment of money not exempt from being taken on execution with intent to prevent the same from being transferred or paid to the creditors or applied to the satisfaction of said execution, which payment was held by the court to have been a contempt of the court, under the provisions of St. 1890, c. 128. Accordingly, he was ordered to be committed to jail, there to be kept until discharged by said court, or otherwise according to law.

These proceedings were all regular in form, but it is contended on Kerrigan's behalf that the statute is unconstitutional, as giving to an inferior court power to punish criminally without right of appeal to a higher tribunal, and as giving a right to punish as a contempt an act not committed in the presence of the court, and that the commitment to jail is invalid, not being for a fixed time, and there being no way for him to obtain his discharge from imprisonment.

These objections are founded on a misapprehension of the statute, which is merely in aid of other provisions relating to the collection of judgment debts. Formerly executions against men usually ran against the body. There is nothing unconstitutional in imprisonment for debt, though it is now very much limited by statutes. Upon a charge like that made by the judgment creditors in the present case, no arrest on execution could now be made unless the court should be satisfied that there was reasonable cause to believe the charge true, and should indorse a

certificate thereof upon the execution. No such certificate could be given without first allowing the judgment debtor whose arrest was .sought an opportunity to be examined. But if after notice such debtor should fail to appear, the court might act upon proofs produced by the judgment creditors. If the court should be so satisfied, and should make the certificate authorizing the arrest, and if the arrest should accordingly be made, such judgment debtor after being so arrested might still on proper proceedings be admitted to take the poor debtor's oath, or might be relieved from arrest in certain other ways specified or recognized in the statutes. Pub. Sts. c. 162, §§ 17, 18, 31 *et seq.*, 44, 45, 46, 48; c. 157, § 83.

If one arrested on an execution makes an application to take the poor debtor's oath, not only may the whole subject of a charge like that upon which Kerrigan's arrest was sought be gone into, but under other provisions of statute charges of fraud may be filed against him involving acts deemed to be even graver violations of a creditor's rights. Pub. Sts. c. 162, §§ 17, 49–52. It has recently been held, upon great consideration, that the proceedings upon such charges of fraud are only a part of the proceedings upon the arrest, and that the provision for imprisonment is incident to the arrest for the benefit of the creditor, and not a substantive provision for the punishment of crime; and that accordingly a discharge in insolvency obtained pending the charges, and before a final judgment of guilty, will discharge the judgment debtor from the arrest and from the charges of fraud, in like manner as payment of the debt would do. *Everett* v. *Henderson*, 150 Mass. 411.

In like manner the commitment of Kerrigan in the present case is to be deemed to be merely in aid of the proceedings upon the execution; though it differs from the final judgment and sentence in case a judgment debtor is found guilty after a trial upon charges of fraud in this respect, namely, that the commitment is not to be considered as a final adjudication or sentence, and can have no greater force or effect than an arrest by virtue of a certificate authorizing the debtor's arrest on the execution would have. The provision in St. 1890, c. 128, is adapted from St. 1862, c. 162, § 8, re-enacted in Pub. Sts. c. 162, § 13, relative to women against whom judgments have been obtained. But

women are not subject to imprisonment for debt, unless under proceedings for contempt. Pub. Sts. c. 162, §§ 3, 10, 13. In the case of men who are judgment debtors, a payment of money not exempt from being taken on execution with intent to prevent the same from being transferred or paid to the creditor or applied to the satisfaction of the execution is not included in the acts specified in § 17 as warranting an arrest in the first instance; but if this act is done after the service of the notice provided for in § 19, the Legislature resorted to the method of saying that it shall be deemed to be in contempt of court. It would seem that the same purpose would have been answered if the statute had provided that upon proof of such an act the court might make a certificate authorizing an arrest on the execution.

Looking at the nature of the act specified, and at the whole statutory system relating to arrest for debt, it seems clear that Kerrigan may obtain his discharge in any of the ordinary methods which would be open to him upon an arrest on the execution. He may pay the execution. He may obtain a discharge in insolvency. He may claim support in the jail as a pauper; and if the creditors fail to pay for his support the jailer must discharge him. The order for his commitment will terminate whenever he is legally entitled to a discharge in either of the ways provided by the statutes for the discharge of judgment debtors imprisoned on execution, or whenever the court shall see fit to discharge him.

Under this construction of the statutes, there is nothing unconstitutional or illegal in Kerrigan's imprisonment.

*Petition for habeas corpus denied.*