### WILLIAM HENRY KING'S CASE.

Suffolk.    January 12, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Habeas Corpus — Petition by Stranger — Bringing question before full Court.*

Where a person imprisoned, who is a minor or a person of unsound mind, is brought before the court on a writ of habeas corpus issued in his behalf on the petition of a stranger who shows no interest in the controversy, a next friend or guardian *ad litem* may be appointed by the court, and after such appointment the petitioner cannot control the proceedings, and has no right to appeal from the decision of the court.

As there are no longer any terms in the Supreme Judicial Court, all proceedings on habeas corpus before a single justice may now be regarded as before a court held by a single justice, and questions of law may be reserved or reported to the full court as in other proceedings before the court held by a single justice.

FIELD, C. J.    Mrs. E. A. Webster Ross presented her petition to the Supreme Judicial Court in behalf of William Henry King, praying that said King might be discharged from confinement in the McLean Asylum in Somerville, to which he had been committed as an insane person. A writ of habeas corpus was issued by the court, and King brought before the court. A guardian *ad litem* was appointed for King, and the guar-

dian made a report to the court; a hearing was had, and a decree entered remanding King to the custody of the Asylum, and a petition by the original petitioner for a rehearing was denied. The petitioner appealed. She also filed exceptions, which were disallowed.

It does not appear from the papers that the petitioner is a relation of King, or has any interest, direct or contingent, in his property, or has any authority from him, if he could give any authority, to appear in his behalf. The Pub. Sts. c. 185, § 4, provide as follows : " Application for the writ [of habeas corpus] shall be made to the court or magistrate authorized to issue the same by complaint in writing, signed by the party for whose relief it is intended, or by some person in his behalf," etc. It is often necessary that the court or magistrate should receive a petition signed by some other person in behalf of the person imprisoned, because the person imprisoned may be prevented by his imprisonment from signing such an application. But when the person imprisoned is brought before the court or magistrate, and he is a person of full age and of sound mind, he then has control of the proceedings in his behalf. If the person imprisoned is a minor, or if there is reason to believe that he is not of sound mind, a next friend or guardian *ad litem* may be appointed by the court. After a next friend or guardian *ad litem* has been thus appointed, a stranger who shows no interest in the controversy cannot control the proceedings, and has no right to appeal from the decision of the court. The appeal in the present case therefore must be dismissed, even if an appeal by a proper party would lie. See *Lawless* v. *Reagan*, 128 Mass. 592.

There is perhaps some uncertainty about the practice of bringing questions of law before the full court in proceedings on habeas corpus. By Pub. Sts. c. 185, § 3, the writ may be issued by either of the courts named in that section, or by a judge of either of the courts, or in certain cases by a justice of the peace; and by § 5 the writ may be made returnable forthwith before the Supreme Judicial Court, or before some justice thereof, in term time or vacation, whether the court is in session or not. By § 7, when the writ is issued by a court in session, " it shall be signed by the clerk, otherwise it shall be signed by the magistrate issuing the same." By § 16, " If the court to which

the writ is returnable is adjourned before the writ is returned, the return shall be made before any one of the justices of the court; and if the writ is in any case returned before a justice at a time when the court is in session, such justice may adjourn the case into the court, to be there heard and determined in like manner as if the writ had been returned into court."

These provisions were enacted when there were terms of court, and when a court of common law could not hear causes in vacation. They were enacted that there might be a speedy hearing, whether the court was in session or not. Habeas corpus proceedings are regarded as proceedings at common law. In *Wyeth* v. *Richardson*, 10 Gray, 240, it was decided that exceptions do not lie to the discharge of a prisoner on habeas corpus by a single judge. In this case it seems to have been considered that the single judge did not sit as a court, but as a magistrate, and this is implied in the opinion. It is there said, "There is no appellate power over such decisions made at chambers by a justice of this court."

Section 21 of Pub. Sts. c. 185, provides that, "Until judgment is given, the court or judge may remand the party, or may bail him to appear from day to day, or may commit him to the sheriff of the county, or may place him under such other care and custody as the circumstances of the case may require."

If the hearing on habeas corpus is had before the court held by a single justice, a reservation of questions of law arising therein would, it seems, be authorized by Pub. Sts. c. 150, § 8, and a report "after verdict or decision by the court" would, it seems, be authorized by Pub. Sts. c. 153, § 6. The provisions in the Public Statutes concerning the writ of habeas corpus which we have cited were taken from Gen. Sts. c. 144, §§ 3, 5, 16, and 24, and these substantially were taken from the Rev. Sts. c. 111, §§ 3, 4, 6, 7, 8, 9, and 18; and these again were taken from St. 1784, c. 72. The provision for adjourning the case into court was taken substantially from the fourth section of St. 1784, c. 72. See St. 1808, c. 80. When St. 1784, c. 72, was passed, the Supreme Judicial Court was composed of a chief justice and four other justices, and any three of them were authorized to hold a court, but the court could not be held by a single justice. This was also the law during the Provincial

period. Any one of the justices of the Supreme Judicial Court was first authorized to hold a court by St. 1804, c. 105, § 3, and by § 5 exceptions were therein allowed to any opinion, direction, or judgment of the justice, to be heard by the court when held by three or more justices. The court held by three or more justices had, however, cognizance of all matters and things whatever which were within the jurisdiction of the court. Under the Revised Statutes the jurisdiction of the court when held by three or more justices, or held by any one of the justices, was defined by c. 81, §§ 11, 12, 13, *et seq.* All issues of law were to be heard and determined exclusively in the full court, and questions of law arising in any proceedings had before a court held by a single justice might be reserved for the consideration of the full court, or exceptions might be taken to any ruling of the justice (§§ 29, 30); but these statutes did not prohibit the full court from trying any questions of fact as well as of law in such proceedings as habeas corpus. The old cases show that writs of habeas corpus were often made returnable before a court held by three or more justices, and were tried by such court. *Commonwealth* v. *Harrison*, 11 Mass. 63. *Commonwealth* v. *Cushing*, 11 Mass. 67. *Commonwealth* v. *Chandler*, 11 Mass. 83. *Jones* v. *Kelly*, 17 Mass. 116. *Ross's case*, 2 Pick. 165. *Riley's case*, 2 Pick. 172. *Commonwealth* v. *Waite*, 2 Pick. 445. *Commonwealth* v. *Brickett*, 8 Pick. 138. *Commonwealth* v. *Whitney*, 10 Pick. 434. *Commonwealth* v. *Downes*, 24 Pick. 227. *Burnham* v. *Morrissey*, 14 Gray, 226.

*Sanborn* v. *Carleton*, 15 Gray, 399, was actually heard by Chief Justice Shaw in vacation. This case is more fully reported in 23 Law Rep. 8. See 22 Law Rep. 730. It appears by the report that the other justices were called in to aid and assist the Chief Justice. Exceptions were allowed by the Chief Justice, but we are not aware that they were ever considered. The allowance of exceptions in that case seems to be inconsistent with the decision in *Wyeth* v. *Richardson, ubi supra.* In both cases the prisoner was discharged.

In recent cases questions of law arising on habeas corpus have been reserved, or reported, or adjourned into the full court by a single justice. *Clarke's case*, 12 Cush. 320. *Stone* v. *Carter*, 13 Gray, 575. *May* v. *Shumway*, 16 Gray, 86. *Bryan* v. *Bates*,

12 Allen, 201. *Nauer* v. *Thomas*, 13 Allen, 572. *Kingsbury's case,* 106 Mass. 223. *Blake's case,* 106 Mass. 501. *McConologue's case,* 107 Mass. 154. *Glover's case,* 109 Mass. 340. *Mowry's case,* 112 Mass. 394. *Davis's case,* 122 Mass. 324. *Thompson's case,* 122 Mass. 428. *Sennott's case,* 146 Mass. 489. *Conlon's case,* 148 Mass. 168. *Kelley's case,* 152 Mass. 432. *Plumley's case,* 156 Mass. 236. *Kerrigan, petitioner,* 158 Mass. 220.

In *Buck* v. *Wolcott,* 13 Gray, 268, it was decided that, under the provisions of St. 1859, c. 196, the full court at a law term in civil proceedings at law " has no jurisdiction of matters which have not become questions of law ready for the action of the whole court." St. 1859, c. 196, §§ 36, 38, 56. Since this statute all questions of fact in civil proceedings at law must be heard and determined by a single justice, or by a court held by a single justice, and only questions of law in such proceedings can come before the full court. It follows that since this statute, if the proceedings on habeas corpus are to be adjourned into court for the determination of facts as well as law, they must be adjourned into a court held by a single justice, but if they are to be adjourned into court for the determination of questions of law alone, they should be adjourned into the full court. As there are no longer any terms in the Supreme Judicial Court, all proceedings on habeas corpus before a single justice may now be regarded as before a court held by a single justice; and questions of law may be reserved or reported to the full court, as in other proceedings before the court held by a single justice. St. 1885, c. 384. Whether they shall be reserved, or reported, or adjourned into court, has, it seems, become merely a matter of phraseology.

Whether at a hearing on habeas corpus before a single justice sitting as a court exceptions can be taken to any ruling on any question of law, or an appeal can be taken from any judgment upon matters of law apparent on the record, has not been decided. The power of the justice to prevent any unnecessary imprisonment is ample, either by admitting the prisoner to bail, or by discharging him pending the exceptions, if in the opinion of the justice he is entitled to be discharged, on the ground that the exceptions are frivolous, immaterial, or intended for delay. Pub. Sts. c. 150, § 20, c. 153, § 12. St. 1891, c. 362. *Commonwealth*

v. *Meserve*, 156 Mass. 61. It is unnecessary to decide in this case whether, after judgment, an appeal by a proper party would lie, because the papers before us raise no question of law. See *Cox* v. *Hakes*, 15 App. Cas. 506; *The Queen* v. *Barnardo*, [1891] 1 Q. B. 194.　　　　　　　　　　　　　　　*Appeal dismissed.*

*T. Savage*, for the petitioner.

*W. A. Munroe*, for the guardian of King.