## KING v. McLEAN ASYLUM OF THE MASSACHUSETTS GENERAL HOSPITAL et al.

### (Circuit Court of Appeals, First Circuit.  June 4, 1894.)

### No. 95.

1. CIRCUIT COURT OF APPEALS — JURISDICTION — DETERMINING CIRCUIT COURT JURISDICTION.

The rule that, under the act creating the circuit court of appeals (section 5, cl. 1), such court has jurisdiction over questions touching the jurisdiction of the circuit courts, unless the issue has been made in the court below and certified to the supreme court as directed by the act, notwithstanding section 6 apparently deprives the circuit court of appeals of such jurisdiction, is not limited by the subsequent clause of section 5, touching cases involving the construction or application of the United States constitution; and the circuit court of appeals has jurisdiction, on appeal by a petitioner for a writ of habeas corpus from a judgment remanding him to the custody of an insane asylum, to pass on the jurisdiction of the circuit court, when such jurisdiction is challenged on constitutional grounds.

2. HABEAS CORPUS — JURISDICTION OF CIRCUIT COURT — SUFFICIENCY OF PETITION.

A petition for a writ of habeas corpus, which merely alleges that petitioner is restrained in violation of the constitution and laws of the United States, and is illegally imprisoned without due process of law, but does not set out in detail anything touched by the federal laws or constitution, does not state facts giving the circuit court jurisdiction.

3. SAME — INSANE PETITIONER — APPEAL BY PROCHEIN AMI.

The prochein ami of an insane petitioner for a writ of habeas corpus may appeal from a judgment of the circuit court remanding petitioner to an insane asylum, and may prosecute such appeal until especially challenged for some cause, or until the circuit court of appeals, for some reason satisfactory to it, appoints a guardian ad litem therein; and it is for this purpose immaterial whether such prochein ami was superseded as such in the circuit court.

4. SAME — REMAND OF INSANE PETITIONER — CONTEMPT — REMOVAL OF PETITIONER.

An insane petitioner for a writ of habeas corpus was remanded by the circuit court for the district of Massachusetts to the custody of the McLean Asylum of the Massachusetts General Hospital. Afterwards, he was removed from such asylum to the Butler Insane Asylum, at Providence, within the district of Rhode Island, but within the same circuit. After such removal a citation on appeal by his prochein ami was allowed, and the circuit court ordered that, pending the appeal, petitioner should not be removed from the jurisdiction, but should remain in the district of Massachusetts, subject to the further order of court. Afterwards, the circuit court of appeals ordered that petitioner go into and remain in the custody of the marshal of the district of Rhode Island, at the said Butler Insane Asylum, until the further order of the court, and that such order was without prejudice to any question. *Held*, that a petition by such prochein ami, in the circuit court of appeals, for process of contempt because of such removal, should be dismissed.

5. SAME.

Nor under the circumstances of this case can rule 33 of the circuit court of appeals form the basis of an attachment for contempt by such court because of the removal of petitioner to another district, after the judgment remanding him.

6. SAME.

In such case, Rev. St. § 765, which relates to proceedings on appeal to the supreme court authorized by section 764, as amended by Act March

3, 1885 (23 Stat. 437), does not apply, since such section has no reference to appeals to the circuit court of appeals, which do not depend on Rev. St. §§ 763, 764, but on the act establishing such court.

This was a petition by William H. King, by Caleb Eaton, his next friend, for a writ of habeas corpus. The circuit court discharged the writ, and remanded petitioner to the custody of the McLean Asylum of the Massachusetts General Hospital. Petitioner appealed. After appeal, appellant filed a petition for a process of contempt, on the ground that he had been removed from such asylum, in the district of Massachusetts, to the Butler Insane Asylum, at Providence, within the district of Rhode Island.

Edward Avery, Henry Hyde Smith, and James Tillinghast, for petitioner.

George O. Shattuck, William F. Wharton, and William A. Munroe, for Massachusetts General Hospital, McLean Asylum.

William F. Wharton, for Edward Cowles.

George O. Shattuck, for the Butler Hospital.

George O. Shattuck, Richard L. Sweezy, and William A. Munroe, for George Gordon King.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. This hearing was based on two petitions,—one filed by the appellant on the 15th day of May, 1894, setting out that since the writ was discharged in the court below, and the petitioner, King, remanded to the custody of the McLean Asylum of the Massachusetts General Hospital, one of the appellees, the petitioner was removed from that asylum and out of the district of Massachusetts, to the Butler Insane Asylum, at Providence, within the district of Rhode Island, but within this circuit, and therefore praying for process for contempt, and also praying the protection of the court, that the petitioner may be forthwith taken into its custody, and that "he shall be brought and had before this court, to be dealt with as to justice and right shall appertain." The other petition was filed on the 22d day of May, 1894, by the Massachusetts General Hospital, praying for dismissal of this appeal; but it need not be stated, except as hereinafter referred to.

Ordinarily, the first question for consideration is that of the jurisdiction of this court; but it is more convenient, in the present case, to look at the outset at that of the jurisdiction of the circuit court. This is sought to be maintained on two grounds,—one, that the petition for the writ of habeas corpus raises a federal question, —and the other, that it shows diverse citizenship.

Notwithstanding the letter of the act establishing this court, as found in the opening paragraph of the sixth section, apparently deprives this court of jurisdiction over fundamental questions touching the jurisdiction of the circuit courts, yet, in view of the provision found in the first clause of the fifth section for especially certifying questions of that particular class to the supreme court, that court has held that, notwithstanding that clause, we have jurisdic-

tion over such questions, unless the issue has been made in the court below and certified to the supreme court as directed by the statute. We need cite only the latest cases on this point. Carey v. Railway Co., 150 U. S. 170, 14 Sup. Ct. 63, and Maynard v. Hecht, 151 U. S. 324, 14 Sup. Ct. 353. These decisions render it unnecessary that we should consider Manufacturing Co. v. Barber, 9 C. C. A. 79, 60 Fed. 465, or Sugar-Refining Co. v. Johnson, 9 C. C. A. 110, 60 Fed. 503. We are clear that this rule is not limited by the subsequent clause of the same fifth section, touching cases involving the construction or application of the constitution of the United States, and that we have jurisdiction, on records in the form of that now before us, to pass on the jurisdiction of the circuit courts as much when that jurisdiction is contested on constitutional grounds as when it depends solely on the construction of statutes. In this instance, subsequent enumeration in the statute does not operate as an exclusion. In view of the fact that the jurisdiction of the circuit courts may always be challenged on constitutional grounds, any other interpretation would bring the statute to unfruitful results.

The petition alleges that the petitioner is restrained in violation of the constitution and laws of the United States; but this allegation is only a formal one, covering conclusions of law as well as of fact (Cuddy, Petitioner, 131 U. S. 280, 286, 9 Sup. Ct. 703), so that it is necessary to look elsewhere in the petition for specific allegations raising this issue. There are none. It is not claimed that the petition sets out anything touched by the federal laws; and for the rest, while it alleges an illegal imprisonment, without due process of law, it does not show that such process was refused by the state, which is essential under the fourteenth amendment, or by the United States, which is essential under the fifth amendment. The latest statement of this last rule is in Miller v. Texas, 153 U. S. 535, 14 Sup. Ct. 874. If the facts set out show any illegal detention, it is only in violation of the common law, or of the statutes of Massachusetts. Therefore, the circuit court had no jurisdiction, unless on the ground of diverse citizenship.

The question thus raised, namely, that of the jurisdiction of the circuit courts in matters of habeas corpus merely on the ground of diverse citizenship, has remained undecided by the supreme court for over a century, although Judge Story, at the circuit, took jurisdiction on this ground, apparently without hesitation. U. S. v. Green, 3 Mason, 482, Fed. Cas. No. 15,256. Under these circumstances the question must be regarded as a grave one, and, in the limited time given counsel, they have not had opportunity to discuss it in this case with full apprehension of the original habeas corpus statute, now Rev. St. § 751, nor of the late statutes touching the jurisdiction of the circuit court, nor of the distinction, if any is essential to the proceedings at bar, between cases of mere unlawful detention and those in which the court sits as parens patriae. We therefore direct this question to be reargued, in connection with the argument on the merits of the case.

With reference to the jurisdiction of this court, we are first met by the claim that Eaton, as next friend, could not take this appeal.

We deem it unimportant to inquire whether he was, either expressly or impliedly, superseded as such in the circuit court. This appeal having sole reference to this court, this court will admit its own prochein ami or guardian ad litem, regardless of the circuit court. In favor of liberty, we think we ought to receive the appeal, and admit the prochein ami, until he is especially challenged for some cause, or until we, for some reason satisfactory to ourselves, appoint a guardian ad litem in this court. At present there seems no occasion to make this latter appointment. It is intended that all proceedings in the circuit court may be challenged on appeal in habeas corpus cases. In re Neagle, 135 U. S. 1, 42, 10 Sup. Ct. 658. And, in favor of liberty, there certainly should be an opportunity to do so. Unless a prochein ami may intervene, as has been done in this case, for the purpose of taking an appeal, this general challenge could not be effected when the proceedings had been dismissed below by a prochein ami or guardian ad litem, with the approval of the court, as under those circumstances the prochein ami or guardian ad litem would not appeal if he could. Circumstances might be such that, if the person in whose behalf proceedings had been commenced had been brought into court on habeas corpus, he might personally intervene by appeal; but, on the other hand, the aid of a prochein ami, in cases of this character, including appeals, is necessary for the protection of those who, on account of the rigorous nature of their detention, or of their mental inability, are incapable of acting for themselves. There is no practice which requires us, at the outset, to inquire whether, under the circumstances of this case, King himself had opportunity, or was capable, of taking an appeal in person; and, in favor of liberty, we ought not to do so, as the record now stands, or at this stage of the cause. Wherever a proceeding is commenced by prochein ami, the presumption that it was properly so commenced stands until rebutted; and what, under that contingency, would be the further progress of the cause, need not now be considered. It is enough to say that while an appeal or a writ of error is, for some purposes, not an original proceeding, each is so far of that nature that the same reasons which justify the interposition of a prochein ami in instituting the original cause may justify the intervention of the same person, or another person, in the character of a new prochein ami, to institute such appeal or writ of error. In fact, circumstances can easily be conceived why this should be allowed even when the original suit was brought by the plaintiff or moving party in person or by attorney. That such is the law would be clearly apparent in the event the original plaintiff or other moving party was suddenly stricken by a violent mental disease at the very period of time within which the law permits an appeal or a writ of error to be taken or sued out. William Henry King's Case, 161 Mass. 46, 36 N. E. 685, if it touches this point at all, may easily be distinguished by the summary nature of the appeal to which it related, which seems essentially unlike the appeal in the present cause to a new tribunal. At the most, it could not be allowed to control our practice or our discretion. The broad and flexible character of the

rules of practice relating to next friends and guardians ad litem, and their adaptability to reach every case where they can be needed for the protection of those classes which they are intended to protect, or for effectuating natural justice, will be made plain by turning to Story, Eq. Pl. (10th Ed.) § 57, and sequence, and Daniell, Ch. Pr. (5th Ed.) p. 74 et seq.; bearing in mind that the general rules which apply to infants, in this particular, apply also to persons of diseased intellectual powers, and to other classes which need not be enumerated.

If the petition had been so framed that the court below would necessarily pass on some question arising under the constitution of the United States, or had in fact done so, or if this appeal required the consideration of any question of that class, other than that of the jurisdiction of the circuit court, we would be embarrassed by the fourth clause of the fifth section of the act establishing this court, in connection with the first paragraph of the sixth section; but it will be seen from the explanations we have given, and the history of the case, that no constitutional questions were passed on by the court below, or now arise. As the reasons of appeal bring up for review only questions relative to the proceedings of the court below in connection with the guardian ad litem, and exclude the consideration of any touching the construction or application of the constitution of the United States, and especially as it is not certain that the circuit court will ever, even if the case is remanded to it, be required to pass on any constitutional question, our jurisdiction i clear. Although the fourth clause referred to is not inapplicable merely because other questions than those of a constitutional character may be involved, on which the suit might have been dis posed of (Nishimura Ekiu v. U. S., 142 U. S. 651, 664, 12 Sup. Ct 336, and Horner v. U. S., 143 U. S. 570, 577, 12 Sup. Ct. 522), yet it is not enough that the construction or application of the consti tution is only incidentally involved, or may possibly come in issue (Carey v. Railway Co., 150 U. S. 170, 180, 14 Sup. Ct. 63; In re Lennon, 150 U. S. 393, 401, 14 Sup. Ct. 123). This is the general rule in the application of kindred statutes, as shown in very numerous decisions. Powder Works v. Davis, 151 U. S. 389, 14 Sup. Ct. 350 A case of special significance, although it relates to the jurisdiction of the circuit court, is Mining Co. v. Turck, 150 U. S. 138, 143, 14 Sup Ct. 35. There it was held that, when the jurisdiction of a circuit court is invoked solely on the ground of diverse citizenship, the judgment of the circuit of appeals is final, although another ground for jurisdiction in the circuit court may be developed in the course of subsequent proceedings; and in determining this proposition the supreme court referred fully to the construction given in prior cases to the general statutes conferring jurisdiction on the circuit courts in cases involving federal questions.

We now come to the petition filed May 15th, touching the alleged contempt and the custody of the petitioner pending these proceedings on appeal. As the basis of an attachment for contempt, the petitioner relies on the thirty-third rule of this court, and on Rev.

St. § 765. This section relates to the proceedings on appeal to the supreme court especially authorized by the preceding section of the Revised Statutes, which was subsequently enlarged by amendment by the act of March 3, 1885 (23 Stat. 437). It has no reference to appeals to this court, which do not depend on Rev. St. §§ 763, 764, but on the act establishing this court, as construed by various decisions of the supreme court relating thereto, the leading one of which is Lau Ow Bew v. U. S., 144 U. S. 47, 12 Sup. Ct. 517.

Neither was any order made in this case, as provided in the second clause of rule 33, which applies when a writ of habeas corpus is discharged after it has been issued, except only that the petitioner was remanded to the custody from which he had been taken, namely, the Massachusetts General Hospital. No order was made that he be detained in the custody of the court or judge, or be enlarged on recognizance. Subsequently, an order was made by the circuit court, after the citation on appeal was allowed, that pending the appeal the petitioner should not be removed from the jurisdiction, but should remain in the district of Massachusetts, subject to the further order of the court. At that time he had been already removed to the Butler Insane Asylum at Providence, in the district of Rhode Island, but still within this circuit. The circumstances under which the petitioner was removed to that asylum were so clearly such as to negative any intent of disrespect to either this court or the circuit court that we have no occasion to consider whether the circuit court had the power to require the Massachusetts General Hospital to retain the custody of the petitioner, or whether this court has any power to punish for contempt of an order issued by the circuit court, or whether or not the appeal takes effect from the time it is claimed in open court, without any allowance thereof being made by the court (Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159), or, what is a more difficult question, whether, in view of the limitations with reference to proceedings for contempt imposed on the federal courts by Rev. St. § 725, either the circuit court or this court could proceed for contempt for an act looking to defeat indirectly the result of an appeal which had not been taken, but which might be expected, in the absence of any express order regarding the same. It behooves counsel, who are responsible to the court even where their clients may not be liable for contempt, to caution their clients as to their duty towards the court pending the possibility of an early appeal in cases like this at bar, and to advise them under such circumstances, in case change of custody is desired, to apply to the court touching the same. But we are not now called on to approve or disapprove what was done, or perhaps permitted to be done, as shown by the record now before us, and we refer to it only to prevent its being drawn into a precedent. It is sufficient for all present practical purposes that on the 15th day of May, 1894, this court passed the following order:

"Ordered, that the petitioner go into and remain in the custody of the marshal of the district of Rhode Island, at the Butler Insane Asylum, in Providence, R. I., until the further order of this court. This order as to custody is without prejudice to any question."

For the future, if the court foresees any contingency which may justify it, the court, while appreciating the delicacy of dealing with the custody of persons alleged to be subject to mania or dementia, or other forms of mental or physical weakness, may deem it prudent to direct that before the final judgment of this court is announced the petitioner be brought back within the jurisdiction of the circuit court for the Massachusetts district, and it undoubtedly has the power to do so. It is not to be understood, however, from this, that we decide that an appeal in a matter of habeas corpus brings the body into the custody of this court, any more than on an appeal in an admiralty cause the res is transferred to its custody. We mean by this only that in one case, as in the other, and indeed in all appeals, this court has the power to make all interlocutory orders necessary to effectuate the purposes of the appeal, although this proposition seems to have been doubted in some of the other circuits.

It is ordered that the order entered May 15, 1894, touching the custody of the petitioner at the Butler Insane Asylum, continue until further ordered; that, except so far as effectuated by the above order, the petition filed in this cause by the petitioner May 15, 1894, touching the alleged contempt of court, and as to the custody of the prisoner, be dismissed; and that the petition filed by the appellees for dismissal of this appeal stand over to the final hearing, for reargument on the question of jurisdiction of the circuit court, so far as based on diverse citizenship of the parties to the petition for the writ of habeas corpus.