## VALENTINE T. SELLERS' CASE.

Essex.    June 21, 1904. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Habeas Corpus.    Practice, Criminal.*

Where proceedings on a petition for a writ of *habeas corpus* are adjourned into the full court by the order of a single justice, and the facts although uncontroverted are not agreed in writing, they must be brought before the full court by a report of the single justice.

Under R. L. c. 191, § 1, cl. 2, one who has been sentenced to imprisonment for a misdemeanor upon a default when asking for a trial, is not entitled to prosecute a writ of *habeas corpus*, his remedy being by writ of error if his restraint is illegal.

BARKER, J.    This was a petition for a writ of *habeas corpus* addressed to the " Justices of the Supreme Judicial Court," and was first presented to a justice of the court at chambers on June 11, 1904, who thereupon ordered a notice to show cause returnable in the Suffolk equity session on June 14.    On that day the respondent * filed an answer and the cause was set for hearing in

---

* Master of the house of correction and keeper of the jail at Salem.

the equity session for June 17.  On that day the petitioner, the respondent and the district attorney for the eastern district were present and the cause was heard in the equity session.  Upon the hearing it appeared that the statements of fact in the petition and answer were uncontroverted and true, and that the parties desired the determination of the full court upon the questions of law arising thereon, and the cause was adjourned into the full court.

On June 21 at a sitting of the full court in Boston the petitioner, the respondent and the district attorney for the eastern district were present and stated in court that there was no controversy as to the facts, and the cause was argued upon the law by the petitioner and the district attorney.

The court was of opinion that as the record disclosed no written agreement as to the facts and as the facts were not reported to the full court by the justice who ordered the adjournment, the questions of law intended to be raised could not be considered by the full court without further proceedings.  See *King's case*, 161 Mass. 46, 50.

Thereupon with the assent of the parties the facts were reported to the full court as of June 17 by the justice who adjourned the case into the full court, the record was amended accordingly and the questions of law arising upon the petition and the reported facts were considered by the full court.

The facts reported were these.  An indictment for the offence of publishing a libel was returned by the grand jury to the Superior Court sitting at Newburyport in and for the county of Essex in May last against Valentine T. Sellers, upon which indictment he was arraigned and to which he pleaded that he was not guilty, and thereupon he was admitted to bail.  On May 27 he failed to appear in court to answer to the indictment in accordance with his recognizance and he was thereupon defaulted.  On the sixth day of the present June he, voluntarily appeared in the court and moved to have his default removed and prayed to be again admitted to bail and allowed a trial.  It was thereupon ordered by the court that the default should remain, that he had forfeited his bail and his right of trial by jury, and he was thereupon sentenced by the court for the offence of which he stood indicted to confinement to hard labor for the term of

nine months in one of the houses of correction in the county of Essex and to stand committed according to the sentence, and a mittimus was issued from the Superior Court on the sixth day of June upon which he is now confined in the house of correction at Salem in execution of the sentence.

Upon consideration of these facts we assume without so deciding that there was no power in the Superior Court to impose the sentence in execution of which Sellers is now confined. But we are of opinion that as the Superior Court had jurisdiction of the case in which the sentence was imposed, the prisoner ought to be left to his remedy by writ of error. See R. L. c. 191, § 1, cl. 2; *Fleming* v. *Clark*, 12 Allen, 191, 194, and cases cited; *Sennott's case*, 146 Mass. 489; *Stalker, petitioner*, 167 Mass. 11; *Bishop, petitioner*, 172 Mass. 35. For this reason the order will be

*Petition dismissed.*

*J. Donovan*, for the petitioner.

*W. S. Peters*, District Attorney, for the respondent.