## LUIGI FLITO'S CASE.

Suffolk.    June 19, 1911. — September 13, 1911.

Present: MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Habeas Corpus.    Practice, Criminal,* Complaint.

The writ of *habeas corpus* will not be issued to take the place of an appeal, a bill of exceptions or a writ of error in a criminal case where the defendant has been tried by a court having jurisdiction of the crime with which he was charged and where the only question raised is in regard to the correctness of the rulings made at the trial in that court.

A prisoner, who has been sentenced for a crime after a trial before a court having jurisdiction of the offense charged and of the person of the defendant, will not be granted a writ of *habeas corpus* on the ground that the complaint on which he was tried and convicted was unlawful because the justice of the court who directed the issuing of the warrant upon the complaint did not examine the complainant and his witnesses under oath as prescribed by R. L. c. 217, § 22, before the complainant subscribed and swore to the complaint, but merely asked him for a statement of the facts relating to the charge, which the complainant gave orally and not under oath ; because, even if such a complaint is defective and the prisoner could avail himself of the defect, which here was not intimated, the writ of *habeas corpus* has no application to such a case.

PETITION, filed in the Supreme Judicial Court on May 2, 1911, for a writ of *habeas corpus,* by a prisoner held in custody at the House of Correction at Deer Island in Boston, to which he was committed under a warrant of commitment issued from the Superior Court of the county of Suffolk, after having been tried in that court and found guilty of the crime of larceny of property of the value of $19, on an appeal taken by him from a sentence imposed upon him for the same crime by the Municipal Court of the City of Boston, alleging that the complaint on which the petitioner thus was tried and convicted was unlawful, because the justice of the Municipal Court of the City of Boston who directed the issuing of the warrant upon the complaint did not examine the complainant and his witnesses under oath as prescribed by R. L. c. 217, § 22, but merely asked the complainant for a statement of the facts relating to the charge, which the complainant gave orally and not under oath, although the complainant afterwards subscribed and swore to the complaint before an assistant clerk of the Municipal Court of the City of

Boston.   The petition further alleged that when the defendant's counsel first discovered such illegality, the defendant filed in the Superior Court a special plea setting forth such illegality, which was overruled by that court, and that the defendant also asked the judge of the Superior Court to order a verdict for him, and, this being refused, after a verdict of guilty had been returned against him, made a motion to have the verdict set aside on the ground that the complaint was unlawful, which was denied, and that the petitioner saved exceptions as to his special plea and all of his motions.

The case was heard by *Morton*, J., upon the return of an order of notice to show cause why a writ of *habeas corpus* should not issue.   It appearing that the facts stated in the petition and answer were true, the justice ruled that the Municipal Court of the City of Boston had jurisdiction of the offense and of the person of the petitioner, and that the error, if error there was, was an error of law or an irregularity of procedure, and did not arise from a want of jurisdiction.   He ordered that the petition be dismissed, and, at the request of the petitioner, reported the case to the full court for determination, the writ to issue ·or the petition to be dismissed as to the full court should seem proper.

The case was submitted on briefs.

*F. M. Zottoli*, for the petitioner.

*T. D. Lavelle*, Assistant District Attorney, for the Commonwealth.

SHELDON, J.   The petitioner does not deny that the crime which he has committed was within the jurisdiction of the Municipal Court of the City of Boston, or that that court properly could receive a complaint and issue a warrant against him, and try him thereon when brought in upon due process.

His contention is that the complaint and the warrant were both invalid because there was not, before the written complaint was received, an examination on oath of the complainant and his witnesses.   R. L. c. 217, § 22.   St. 1866, c. 279, § 8.   St. 1821, c. 109, § 2.   Rev. Sts. c. 135, § 2.   We do not intimate that there is anything in this contention, or that it could have availed the petitioner if it had been properly presented.   R. L. c. 160, § 36.   *Commonwealth* v. *Farrell*, 8 Gray, 463.   And see

*Commonwealth* v. *Tay,* 170 Mass. 192; *Commonwealth* v. *Conlin,* 184 Mass. 195, 197.

But, even if the contention were sound, this petition could not be maintained. The writ of *habeas corpus* is not to take the place of an appeal, a bill of exceptions, or a writ of error, in a case like this, which was within the jurisdiction of the court where it was tried, and in which the only question raised is as to the correctness of the rulings made in that court. *Fleming* v. *Clark,* 12 Allen, 191, 194. *Sennott's case,* 146 Mass. 489, 492. *Commonwealth* v. *Huntley,* 156 Mass. 236. *Bishop, petitioner,* 172 Mass. 35. *Sellers' case,* 186 Mass. 301.

*Petition dismissed.*