BARBARA G. CHAMBERS'S CASE.

Suffolk. March 10, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, DE COURCY, & CARROLL, JJ.

*Habeas Corpus. Supreme Judicial Court. Practice, Civil,* Appeal, Exceptions. *Probate Court,* Jurisdiction. *Constitutional Law. Guardian. Parent and Child. Illegitimacy.*

No appeal lies from a decision or order of a single justice of the Supreme Judicial Court dismissing a petition for a writ of habeas corpus.

*It is doubtful* whether exceptions lie to rulings made at a hearing on a petition for a writ of habeas corpus. The usual method of bringing the question of the correctness of such rulings before this court is by a report or a reservation by the single justice, or an adjournment of the case into this court for determination.

The Probate Court has jurisdiction to appoint as guardian of an illegitimate child a person other than the child's mother, although the mother is living.

The Legislature has power to authorize the appointment, as guardian of an illegitimate child with custody of the child's person, of some one other than the child's mother, although the mother is living.

Where, upon the filing of a petition for a writ of habeas corpus seeking the discharge of an illegitimate minor from the custody of a guardian appointed by the Probate Court, an order is issued to the guardian to appear and show cause why the writ should not issue, and, on the return day of the order of notice, a single justice of this court ascertains by inquiry of the attorney for the petitioner that the ground upon which the petitioner rested was want of jurisdiction of the Probate Court to appoint a guardian of the child, it is proper for the single justice to hear the parties without the issuance of the writ or the production of the minor for the purpose of ascertaining whether there is cause, *prima facie*, for the issuance of the writ, and after such hearing to dismiss the petition.

RUGG, C. J. Habeas corpus is a proceeding at law. No appeal lies from a decision or order of a justice of this court made at common law. *Channell* v. *Judge of Central District Court of Northern Essex*, 213 Mass. 78, and cases there collected. The appeal must be dismissed.

It is doubtful whether exceptions lie to rulings made at a hearing on a petition for a writ of habeas corpus, for the reason that it might be inconsistent with its purpose, which is to try forthwith the right of a person to his liberty, if its granting could be delayed by exceptions. *Wyeth* v. *Richardson*, 10 Gray, 240. *King's Case*, 161 Mass. 46. *Bishop, petitioner*, 172 Mass. 35. The usual course has been for the presiding justice to reserve, report or adjourn cases into the full court where its determination ought to be had. *King's Case*, 161 Mass. 46, 49. *Plympton's Case*, 196 Mass. 571. *Sellers's Case*, 186 Mass. 301. *Morton's Case*, 196 Mass. 21. *Duddy's Case*, 219 Mass. 548. But if it be assumed in favor of the petitioner that the case is here properly, without so deciding, no error is shown.

The complaint of the petitioner on the merits is that she, being a spinster, the Probate Court has appointed a guardian of her minor child and has decreed that such guardian shall have the custody of the child until its further order. There was a hearing in that court and an adjudication that the mother was an unsuitable person to have the custody of her minor child. The contention is that the Probate Court has no jurisdiction to appoint a guardian under these circumstances. But this is not so. Plainly the statute confers such jurisdiction. *Gibson, appellant*, 154 Mass. 378. There is no limitation of jurisdiction, either by express terms or fair implication, in R. L. c. 145, § 1, or c. 162, § 3, to the appointment of guardians for children born in lawful wedlock.

The words of the statute confer that jurisdiction in broad terms and include all minor children whatever may be their status in other respects. In reason there is quite as much necessity for the appointment of guardians for illegitimate minors as of any others.

The proceedings for the appointment of the guardian appear to have been regular, and due notice to have been given to the parent. Moreover, the mother later filed in the Probate Court a petition to set aside the appointment of the guardian and finally consented to the dismissal of that petition. She is bound by that decision. *Rothschild* v. *Knight*, 176 Mass. 48, 55.

Beyond doubt the Legislature has the power to authorize the appointment of a guardian with custody of the minor, and thus to deprive the mother for good cause shown of the custody of the child. *Dumain* v. *Gwynne*, 10 Allen, 270. *Purinton* v. *Jamrock*, 195 Mass. 187.

When the petition for the writ was filed, an order of notice was issued to the guardian to appear and show cause why the writ should not issue. Upon the return of the order, the guardian appeared and (as stated in the exceptions) "filed a writing purporting to be a reply to the petition and complaint." When the matter was called for hearing, the presiding justice * ascertained by inquiry of counsel that the ground upon which the petition rested was want of jurisdiction in the Probate Court to appoint a guardian of the child. The presiding justice then assumed that all the material allegations set out in the complaint were true, for the purpose of raising that question, and, after hearing arguments of counsel, ordered that the petition be dismissed. The complainant's contention that this procedure was irregular and that the writ should issue and the hearing be had only after the person has been brought into court, cannot be supported. It was decided to the contrary in *Sims's Case*, 7 Cush. 285, after elaborate consideration, when the statute was in substance the same as now. It there was said by Chief Justice Shaw, in disposing of a similar argument: "Before a writ of *habeas corpus* is granted, sufficient probable cause must be shown; but when it appears upon the party's own showing that there is no sufficient ground *prima facie* for his discharge, the court will not issue the writ. And on a

---

* *Pierce*, J.

slight recurrence to the cases, we are of opinion that this is the established rule and practice at common law. Indeed the ordinary course is, for the court applied to, to grant a rule *nisi* in. the first instance to show cause why the writ should not issue. Of course, if sufficient cause is shown, it will be withheld. . . . It is urged that this is a writ of right, and therefore grantable without inquiry. But it is not a writ of right in that narrow and technical sense; if it were, the issuing of it would be a mere ministerial act, and the party claiming it might go to the clerk and sue it out, as he may a writ on a claim for land or money. It is a writ of right in a larger and more liberal sense; a right to be delivered from all unlawful imprisonment. Nor does this limit or restrain the full and beneficial operation of this writ, so essential to the protection of personal liberty. The same court must decide whether the imprisonment complained of is illegal; and whether the inquiry is had, in the first instance, on the application, or subsequently, on the return of the writ, or partly on the one, and partly on the other, it must depend on the same facts and principles, and be governed by the same rule of law."

It is now a common practice to hear the case upon the petition. *Bishop, petitioner,* 172 Mass. 35. *Sellers's Case,* 186 Mass. 301. *Flito's Case,* 210 Mass. 33. It is especially appropriate where the welfare of a child is under inquiry. It is of no consequence whether the hearing be upon application for leave to file a petition for the writ, as is the practice in the federal courts, *In re Boardman,* 169 U. S. 39, *Ex parte Baez,* 177 U. S. 378, or upon order of notice to show cause, as is the practice in this Commonwealth. The principle is the same. By either method the substance of this writ, so essential for the preservation of freedom, is preserved unimpaired with all its time honored vigor.

*Appeal dismissed.*

*Exceptions overruled.*

*P. J. Casey,* for the petitioner.

*J. A. Lowell,* (*J. E. Ewers* with him,) for the respondent.