## CORNELIUS C. CONNORS, petitioner.

Suffolk. October 23, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Poor Debtor,* Commitment for contempt. *Constitutional Law,* Due process of law. *Habeas Corpus.*

A district court, after an examination of a debtor before it in poor debtor proceedings under G. L. c. 224, §§ 6–18, in which it appears that the debtor had made an assignment for the benefit of creditors of certain of his property which was not exempt from being taken on execution and with the intent to prevent it from being transferred to the judgment creditor or applied to the satisfaction of the execution, has jurisdiction and power under § 11 to commit the debtor to jail for contempt without further contempt proceedings.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on November 22, 1924, seeking a writ of habeas corpus directed to the sheriff of the county of Middlesex.

The respondent filed a return which included a copy of the execution by virtue of which the petitioner originally was brought into the poor debtor court and a copy of the mittimus issued by the court after his examination, in which it was stated, "and whereas at said examination it appeared that after the service of said notice, and pending the proceedings thereon, the said Connor debtor, made an assignment of certain property of his not exempt from being taken on execution, to wit: to Clarence F. Eldridge, with intent to prevent the same from being transferred or paid to the said creditor, or applied by the force of said proceedings to the satisfaction of said execution, and thereby committed a contempt of this court"; and the petitioner was committed to jail. The petitioner filed an "answer" to the return,

admitting the facts therein set up but stating that the assignment referred to was to a trustee for the benefit of his creditors and was duly recorded.

The case was heard by *Crosby*, J., who ruled as a matter of law that the petitioner was not entitled to be discharged, denied the petition, and reported the case to the full court for determination.

The case was submitted on briefs.

*E. M. Shanley*, for the petitioner.

*C. L. Newton & J. Wentworth*, for the respondent.

BRALEY, J.    The petitioner, having been taken on execution which issued upon a judgment recovered against him, duly appeared, and submitted himself for examination before the justice of the District Court of Newton, held for civil business.    G. L. c. 224, §§ 6–18.    During the examination, as the court certifies, it was disclosed that the petitioner, after service of notice as required by § 8, had made an assignment for the benefit of creditors of certain of his property which was not exempt from being taken on execution, and with the intent to prevent it from being transferred to the judgment creditor or applied to the satisfaction of the execution.    The court thereupon committed him for contempt "until he be discharged, by said court or otherwise according to law," and he brings this petition for relief from imprisonment by habeas corpus.    G. L. c. 248, § 1.

G. L. c. 224, § 11, provides, "If at such examination it appears that after service of the notice, and pending proceedings thereon, the debtor has conveyed, assigned or transferred property or money not exempt from being taken on execution with intent to prevent it from being transferred to the creditor or applied by said proceedings to the satisfaction of the execution, and the court so certifies, the debtor may be committed as for contempt.    This section shall not apply to payment of a debt for necessaries, or payment of an execution on which the debtor has been previously cited to appear under this chapter, or payment of a reasonable counsel fee relating to the examination."

It is contended that it was the intention of the Legislature that separate proceedings should be instituted, and notice

served upon the debtor to determine whether he is in contempt, and that the court exceeded its jurisdiction. It is also urged that there was a denial of due process of law, and that § 11 is an attempt by the Legislature to interfere with the judicial department in violation of the constitution of the Commonwealth. But under G. L. c. 224, the court had general jurisdiction of the parties, and of the proceedings, and § 11 in so far as it authorizes commitment for contempt is constitutional. *Kerrigan's Case,* 158 Mass. 220. If the court proceeded erroneously or irregularly, the remedy is by writ of error, and not by habeas corpus. *Herrick* v. *Smith,* 1 Gray, 1, 49. *Fleming* v. *Clark,* 12 Allen, 191, 194. *Sellers' Case,* 186 Mass. 301. *Flito's Case,* 210 Mass. 33, 35. *Craig* v. *Hecht,* 263 U. S. 255. G. L. c. 211, § 3.

*Order denying petition affirmed.*