**COMMONWEALTH**
**v.**
**Joseph SHERIDAN**

**No. 70171**

Superior Court/Plymouth, ss
Commonwealth of Massachusetts

**June 30, 1982**

John Corbett, Asst. D.A., counsel for plaintiff.
James Horan, counsel for defendant.

## MEMORANDUM AND ORDER ON THE MOTION OF THE DEFENDANT TO REVISE OR REVOKE SENTENCE

On April 18, 1980, the defendant pleaded guilty to illegal possession of a controlled substance, Class C, in violation of G.L. c. 94C, sec. 34. A District Court judge sitting under statutory authority placed him on probation for a period of two (2) years and fined him four thousand dollars ($4,000.00) plus a surfine of one thousand dollars ($1,000.00) to be paid to the Probation Office on or before the expiration of his probationary period.

Since the defendant is a resident of the County of Norfolk, probation supervision devolved upon the Probation Department of the Norfolk Superior Court. The defendant has been an exemplary probationer save only that he has been unable to pay the fine imposed upon him. Accordingly, this Court has found that he has violated the terms of his probation, has extended the probationary period for an additional two (2) years, and has ordered payment of the remaining unpaid balance of the five thousand dollar ($5,000.00) fine at the rate of fifty dollars ($50.00) per month. This Court finds that the defendant's failure to pay the requisite fine was not willful but that the defendant has been devoting his income as a shipyard worker to the support of his wife, mother, and baby daughter. There is little likelihood that the defendant will be able to pay the

remainder of his fine within the additional probationary period.

Faced with the consequences of continued failure to comply, the defendant now brings the instant motion pursuant to Mass. R. Crim. P. 29. Unfortunately the defendant has mistaken his remedy. While the motion is properly before the Court since the District Court judge is not presently sitting in the Superior Court, no motion to revise or revoke was brought by the defendant within the requisite 60-day period, Mass. R. Crim. P. 29(a), and this Court therefore has no subject matter jurisdiction to act upon any such motion. **Aldoupolis v. Commonwealth**, 386 Mass. 260, 274-275 (1982). Even had the motion been brought within the appropriate 60-day period, favorable action thereon is beyond the competence of this Court since it is evident that the sentencing judge believed the defendant able to pay the fine imposed and post-sentencing conditions and occurrences cannot form the basis for revision or revocation of a sentence. **Commonwealth v. Layne**, 386 Mass. 295, 296 (1982). See **Commonwealth v. Sitko**, 372 Mass. 305, 313-314 (1977).

To further complicate matters, it is clear upon further reflection that the sentence imposed is illegal. Section 34 of G.L. c. 94C provides a maximum penalty of "not more than one year (imprisonment) or . . . a fine of not more than $1,000.00, or . . . both such fine and imprisonment" for unlawful possession of a Class C controlled substance.

One might well imagine that the defendant's situation might be corrected by use of the great writ of habeas corpus, see G.L. c. 248, sec. 1 **et. seq.**, but that is a narrow remedy in Massachusetts and has not been interpreted to apply to the Superior Court's correction of an illegal sentence imposed by it. **Sellers' case**, 186 Mass. 301, 303 (1904). Instead such a petitioner has been left to the now repealed writ of error remedy in an Appellate Court. Although the grant of concurrent jurisdiction in the Superior Court to issue the extraordinary writs made by St. 1939, c. 257, sec. 1 inserting G.L. c. 213, sec. 1A into the General Laws, conferred upon the Superior Court the discretionary power to issue the writ of habeas corpus, **Stearns, petr.,** 343 Mass. 53, 57 (1961) (Williams, J.),[1] that power has been but narrowly and sparingly used and is not available at all unless the petitioner is entitled to an immediate discharge from all legal restraint. **Beaton, petr.,** 354 Mass. 670, 672 (1968) (Spalding J.). **Pina v. Superintendent, Massachusetts Correctional Institution, Walpole,** 376 Mass. 659, 664-665 (1978). Since there is no showing that the defendant here has paid the maximum allowable fine, there is no reason to discharge his probation altogether and the writ of habeas corpus will not lie.

The Massachusetts Rules of Criminal Procedure, however, supply a simple and completely adequate remedy for this defendant. Rule 30(a) of the Massachusetts Rules of Criminal Procedure provides in relevant part that:

> "Whoever is . . . restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his . . . restraint was imposed in violation of the . . . laws . . . of the Commonwealth of Massachusetts."

The defendant here certainly suffers some restraint upon his liberty due to his continuing probationary status and the risk of further penal sanction should he not pay a fine which has been determined to be illegal in amount. He is, therefore, "restrained of his liberty" and, in

---

[1] The Supreme Judicial Court's interpretation of G.L. c. 213, § 1A as conferring a discretionary power upon the Superior Court to issue the writ of habeas corpus was expressly confirmed as the intent of the legislature when G.L. c. 248, § 25 was amended to explicitly confer that power upon the Superior Court by St. 1979, c. 344, § 12.

practical effect, "serving" an illegal sentence. Accordingly, though the defendant has mistaken his remedy, the motion made pursuant to Mass. R. Crim. P. 29 is treated as a motion for post-conviction relief pursuant to Mass. R. Crim. P. 30(a) and the illegal sentence imposed upon the defendant is vacated. The matter is referred to the First Criminal Session of the Superior Court now sitting in and for the County of Plymouth in order that the defendant may be properly resentenced.[2]

Since this Court has treated a motion made under Mass. R. Crim. P. 29 as one properly brought under Mass. R. Crim. P. 30(a), the parties may have seven (7) days from receipt of notice of this order to move for reconsideration thereof. See **Aldoupolis v. Commonwealth,** 386 Mass. 260, 275-276 (1982).

By the Court,
**William G. Young**
**Justice of the Superior Court**

---

[2] It is appropriate that the matter go back to Plymouth since it arose in the Norfolk Superior Court only on a probation violation and the District Attorney for the Plymouth District has not had a chance to be heard. In the normal course, the matter ought go back to the sentencing judge but it cannot, in the present instance, since he is not presently statutorily available.