## KIRBY v. FITZPATRICK.

## DELAWARE AND HUDSON CANAL COMPANY v. FITZPATRICK.

The holder of a fund being sued by two parties having conflicting claims thereto, brought the same into court, and was discharged from litigation under § 122 of the Code. There was no formal substitution of either claimant as defendant, but a reference was ordered to ascertain the facts, and upon the coming in of the report the fund was awarded: *Held*, a final determination equivalent to a judgment, from which an appeal lies, by the unsuccessful claimant, to this court.

The report in such case having the effect of a special verdict, the question which party is entitled to judgment is reviewable, on appeal, although no exception has been taken.

MOTION to dismiss appeal from Supreme Court.

*John H. Reynolds,* for the appellant.

*Rufus W. Peckham,* for the respondent.

JOHNSON, Ch. J.   Fitzpatrick having in his hands certain moneys, which were the surplus proceeds of a mortgage sale made by advertisement under the statute, and the plaintiffs having judgments against the mortgagor, and asserting conflicting claims to the surplus, they respectively brought actions against Fitzpatrick to recover the surplus. He, thereupon, on affidavits, applied to the court, under section 122 of the Code, to be discharged from the litigation, on bringing into court the surplus in his hands.   It was accordingly ordered, that on his paying into court the sum in his hands, less $10, costs of motion, he should be discharged from any further liability upon, or any connection with, either of said suits, and that as to him both said suits should be and were discontinued.   A reference was then directed between the respective plaintiffs in the two suits, to ascertain the parties entitled to the surplus; and it was provided, that on the coming in of his report, such further order and direction might be made as to the court should seem proper.

The referee reported the facts found by him, with his opinion that the Delaware and Hudson Canal Company were entitled to the surplus.   Upon this report the company moved, at special term, for an order directing the payment of the surplus to them.   In December, 1857, at special term, the Supreme Court made an order on the report, directing the surplus moneys to be paid to Kirby and others, the plaintiffs in one of the actions, after deducting the expenses of the reference.

From this order, except so far as it related to the expenses of the reference, the Delaware and Hudson Canal Company appealed to the general term, and there it was affirmed in December, 1858. From the order of affirmance the company appealed to this court. A motion is now made to dismiss the appeal, upon the ground that the order is not the subject of appeal to this court.

The course which the section of the Code, before cited, points out, has not been exactly pursued. The practice there laid down, is to make an actual substitution of one claimant of the fund as defendant, in place of the original party, who is discharged on bringing the money into court. In the present case the original defendant was discharged from the suit, but there was no formal substitution of either set of claimants as defendants. The question of their conflicting claims was referred to a referee; and the effect of the order of reference, which did not confer upon the referee power *to decide the controversy,* but required his report to be presented to the court as the foundation for a further order, was to give to his report of the facts the qualities of a special verdict, according to the last clause of section 272 of the Code. The reference itself was not of an issue on the pleadings, but it fell under the 3d subdivision of section 271 of the Code, which authorizes a reference where a question of fact other than upon the pleadings shall arise, upon motion or otherwise, in any stage of the action.

The course of practice pursued was quite analogous to that frequently followed under the former system of equity proceedings in interpleader suits, and the order of the court now appealed from would have been a complete final decree under that system. Whatever departure from the exact course of the Code has taken place, seems to have proceeded from the mere acquiescence of the parties, and has not in any way endangered their rights. The whole merits have actually been presented and considered in every stage of the cause hitherto. We should, therefore, regard this order as

a judgment of the Supreme Court. It is all the determination which the cause can receive, and it is final in its nature. It embraces every matter which would have belonged to a final decree in an interpleader suit in equity, and is in substance and effect a judgment under the Code, which defines a judgment as the final determination of the rights of the parties in the action.

No formal trial having taken place, and the referee's report having the effect of a special verdict, I think that the appeal, without any exception, brings up the general question, which party is, on the facts found, entitled to judgment. It should, therefore, be sustained.

Motion to dismiss appeal denied, with $10 costs.