Demelt agt. Leonard.

---

## SUPREME COURT.

JULIA DEMELT agt. GEORGE H. LEONARD and others.

It is clear that the *fairness* of a judgment obtained against a *lunatic* may be attacked by an *equitable action* instituted by his *committee.*

And, as under our present system, general jurisdiction in law and equity has been conferred on this court, there is no well grounded objection to its setting aside judgments against lunatics *on motions* made by their committees.

Difficult questions of fact arising on such motions may be *referred* to a referee to determine.

Demelt agt. Leonard.

*Broome General Term, May,* 1860.
*Present,* MASON, BALCOM, CAMPBELL *and* PARKER, *Justices.*

APPEAL from an order made at the Delaware special term in May, 1859, denying without costs, the motion made by Nathan Thompson, who had been appointed the committee of the person and estate of the plaintiff, to set aside the judgment in this action that had been previously entered in favor of the defendant, Leonard, against the plaintiff for costs.

E. E. FERRY, *for plaintiff.*
A. BECKER, *for defendant, Leonard.*

By the court—BALCOM, Justice.   The judgment was rendered against the plaintiff before the issuing of the commission to inquire in regard to her lunacy; but the finding of the jury that the plaintiff had been of unsound mind and incapable of taking care of herself or her affairs without interval for about nine years, is presumptive evidence that she was a lunatic when the judgment was obtained. (2 *Paige,* 427; 6 *Wend.,* 497.)   The case of *Osterhout* agt. *Shoemaker,* (3 *Hill,* 513,) shows that the inquisition is evidence, even as against strangers to the proceeding, who had no opportunity to offer or cross-examine witnesses. They must overcome the presumption created by the inquisition by evidence on their part.

When an application was made to the chancellor to set aside some judgments recovered against a lunatic in actions at law, he used this language: "I doubt whether it is right to interfere in this summary way to deprive the plaintiffs of their legal liens, although the recovery of the judgments and the whole proceedings in those suits are overreached by the finding of the jury, under the commission of lunacy.   As the court of law had jurisdiction of the cases, if the judgments are either irregular or erroneous, on the ground that the suits were prosecuted against

a defendant who was legally incompetent to make any defence thereto, the remedy appears to be by a summary application to the court in which the judgments were obtained, or by a writ of error.   Or if there is no remedy at law, and the judgments have been improperly recovered against a lunatic, for pretended claims, which were not justly due, it may be a proper case for the committee to proceed by a bill in equity, to be relieved against such judgments." (*In the matter of Hopper*, 5 *Paige*, 491,) The supreme court refused, under our former system of practice, to set aside a judgment obtained by default against a person who had been found by inquisition to be an habitual drunkard.   The court said : " We do not think the proceedings irregular.   The committee should apply to the court of chancery." (*See case in 4th Denio*, 262, *in which Robertson* agt. *Lain*, 19 *Wend.*, 649, *is cited.*)   This court held in *Sternbergh* agt. *Schoolcraft*, (2 *Barbour*, 153,) that a judgment recovered in a court of law against a person who has been found a lunatic or an habitual drunkard, and whose person and property have been placed in the custody of a committee, will not, for that reason, be held void. The same doctrine was asserted in *Crippen* agt. *Culver*, (13 *Barbour*, 424,) but such judgments are not conclusive upon the committee of the lunatic.   They may be examined and their fairness ascertained.   The equitable rights of the lunatic will be protected. (*See* 2 *Paige*, 153; 14 *Barbour*, 488.)

It is clear that the fairness of a judgment obtained against a lunatic may be attacked by an equitable action instituted by his committee.   It may be modified or annulled in such an action.   And as the court of chancery has been abolished, and general jurisdiction in law and equity has been conferred on this court, (*cons. art.* 6, § 3,) I can see no well grounded objection to this court setting aside judgments against lunatics, on motions made by their committees.   Difficult questions of fact arising on such

motions may be referred to a referee to determine. (*Code*, § 271, *sub.* 3; 18 *N. Y. Rep.*, 484.)

In this case the plaintiff was beaten by reason of a settlement, which the inquisition *prima facie* shows was made with her when she was a lunatic. And it was made under circumstances that satisfy me the judge should have set aside the judgment and ordered a new trial, or directed a reference to ascertain the fairness of the settlement and the sanity of the plaintiff at the time she made it. I am therefore of the opinion the order appealed from should be reversed; but without costs to either party, as the practice in such cases has not been settled since the existing organization of our courts. I also think no other disposition of the motion should now be made, for the reason that we have, at this term, reversed the judgment against the plaintiff and granted a new trial costs to abide the event, on an appeal from the judgment itself, for an error committed on the trial.

Decision accordingly.