## STATE OF KANSAS *ex rel.*, etc., *v.* BRADLEY.

*(Circuit Court D. Kansas.* December 31, 1885.)

1. FEDERAL QUESTION—WHEN QUESTION NO LONGER SO.
    A point having once been decided by the supreme court of the United States, cannot be held to present a federal question.

2. SAME—RESTRICTIONS UPON POWERS OF STATE—FOURTH, FIFTH, SIXTH, AND SEVENTH AMENDMENTS.
    The fourth, fifth, sixth, and seventh amendments to the federal constitution contain no limitations or restrictions on the powers of the state.

3. SAME—REMANDING CAUSE—DOUBTFUL JURISDICTION—RULE—STATE POLICE LAWS.
    The rule that the federal courts should remand in cases of doubtful jurisdiction is especially true of cases in which the state is attempting, in its own courts, to enforce its statutes, designed for the peace and good order of its citizens.

4. SAME—MANUFACTURE AND SALE OF INTOXICATING LIQUORS.
    A state may absolutely prohibit the manufacture or sale of intoxicating liquors. No state supreme court has denied the power, and the supreme court of the United States, both before and after the adoption of the fourteenth amendment to the constitution, have often and expressly confirmed it.

On Motion to Remand.

BREWER, J. This is a proceeding commenced in the district court of Atchison county, under section 13, *c.* 128, Laws 1881, as amended by *c.* 149, Laws 1885. The petition charged the defendant with keeping a saloon in violation of law, prayed an order declaring it a nuisance and abating it, and enjoining defendant from maintaining it. The defendant filed in the district court a petition and bond for removal. That court denied his application. 2 Kan. Law J. 246. Nevertheless, defendant took a transcript of the record of that court and filed it in this. The plaintiff now moves to remand.

The question presented is whether the case is a removable one. No difference of citizenship exists, and the case is removable only on condition that in it exists what is commonly called a federal question. The latest definition given by the supreme court is in the case of *Starin* v. *New York,* decided November 2, 1885, and reported in 20 Reporter, (No. 23,) p. 707, S. C. 6 Sup. Ct. Rep. 28, and is as follows:

"If from the questions it appears that some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the constitution or laws of the United States, within the meaning of that term as used in the act of 1875, otherwise not. Such is the effect of the decisions on this subject. *Cohens* v. *Virginia,* 6 Wheat. 279; *Osborn* v. *Bank of U. S.,* 9 Wheat. 824; *Mayor* v. *Cooper,* 6 Wall. 252; *Gold Washing & Water Co.* v. *Keyes,* 96 U. S. 201; *Tennessee* v. *Davis,* 100 U. S. 264; *Railroad Co.* v. *Mississippi,* 102 U. S. 140; *Ames* v. *Kansas,* 111 U. S. 462; S. C. 4 Sup. Ct. Rep. 437; *Kansas Pac. R. Co.* v. *Atchison R. Co.,* 112 U. S. 416; S. C. 5 Sup. Ct. Rep. 208; *Provident Sav. Soc.* v. *Ford,* 114 U. S. 641; S. C. 5 Sup. Ct. Rep. 1104; *Pacific R. R. Removal Cases,* 115 U. S. 11; S. C. 5 Sup. Ct. Rep. 1113."

When a proposition has once been decided by the supreme court, it can no longer be said that in it there still remains a federal question. More correctly it is said that there is no question, state or federal. This is the only fair starting point for consideration of a case like this. A state may absolutely prohibit the manufacture or sale of intoxicating liquors. No state supreme court has ever denied the power, and the supreme court of the United States, both before and after the adoption of the fourteenth amendment, has often and expressly affirmed it. *License Cases,* 5 How. 504; *Bartemeyer* v. *Iowa,* 18 Wall. 129; *Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Foster* v. *Kansas,* 112 U. S. 205; S. C. 5 Sup. Ct. Rep. 97. This power, comprehensive and absolute, carries with it everything which is merely incidental. The means for executing the power go with it, and rest in the unquestioned discretion of the legislature. It were folly to say that the power exists, and in respect to it no federal question is involved, and at the same time to hold that the use of any of the ordinary means for executing such a power presents a question for the cognizance of federal courts. So, before any of the means and processes prescribed for the execution of this power can be held to present any question of federal cognizance, it must appear that such means or process discloses in and by itself a direct invasion of some right protected by the federal constitution.

Something was said in the argument about a conflict between this prohibitory law and the fourth, fifth, sixth, and seventh amendments to the federal constitution. It seems scarcely necessary at this late day to say that those amendments contain no limitations or restrictions on the powers of the state. *Barron* v. *Mayor, etc.,* 7 Pet. 243; *Livingston's Lessee* v. *Moore,* 7 Pet. 469; *Fox* v. *State,* 5 How. 410; *Smith* v. *State,* 18 How. 71.

The real reliance of defendant is on the fourteenth amendment, which reads:

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

This contains three prohibitions on state action. The first has no application. So says the supreme court in *Bartemeyer* v. *State,* 18 Wall. 129, as follows:

"The most liberal advocates of the rights conferred by that amendment have contended for nothing more than that the rights of the citizen previously existing, and dependent wholly on state laws for their recognition, are now placed under the protection of the federal government, and are secured by the federal constitution. The weight of authority is overwhelming that no such immunity has heretofore existed as would prevent state legislatures from regulating and even prohibiting the traffic in intoxicating drinks, with a solitary exception. That exception is the case of a law operating so rigidly

on property in existence at the time of its passage, absolutely prohibiting its sale, as to amount to depriving the owner of his property. A single case, that of *Wynehamer* v. *People*, 13 N. Y. 486, has held that as to such property the statute would be void for that reason. But no case has held that such a law was void as violating the privileges or immunities of citizens of a state, or of the United States. If, however, such a proposition is seriously urged, we think that the right to sell intoxicating liquors, so far as such right exists, is not one of the rights growing out of citizenship of the United States, and in this regard the case falls within the principles laid down by this court in the *Slaughter House Cases.*"

The *Slaughter House Cases*, 16 Wall. 36, dispose of the third prohibition. See, also, *Foster* v. *State*, 112 U. S. 205, S. C. 5 Sup. Ct. Rep. 97, where the constitutionality of this prohibitory law, at least prior to the amendment of 1885, was affirmed; also the case of *Missouri Pac. R. Co.* v. *Humes*, 6 Sup. Ct. Rep. 110, recently decided by the supreme court, in which the double damage law of Missouri, although in some respects unequal between all the citizens of the state, was sustained as a proper exercise of the police power.

This leaves only the second prohibition: "Nor shall any state deprive any person of life, liberty, or property without due process of law." Does this statute contemplate any action without due process of law? The phrase "due process of law" is probably identical, or nearly identical, with the phrase "law of the land." In the *Dartmouth College Case*, 4 Wheat. 581, Webster defines the latter phrase thus: "By the law of the land is meant the general law, which hears before it condemns, which proceeds upon inquiry, and renders judgment only upon trial." Now, under this statute no property held by defendant, even though held for purposes forbidden and in defiance of law, is touched; no business, although in contempt of the state's mandate, is interfered with, except after notice, judicial injury, and condemnation. Is not this due process of law? But it is said that the statute contemplates the seizure and destruction of property through the forms of the law, and that this no state has power to do; that an attempt so to do presents a question of federal cognizance, and for examination in the federal courts; that those courts are charged with the duty of inquiring whether such destruction is warranted. I do not propose, in this case, to enter upon any discussion of this question. I have it presented in another case, that of *State* v. *Walruff*, *ante*, 178, under such circumstances as will compel a full examination. I simply hold that the proposition, if correct, is not applicable to this case.

*First.* It may be doubted whether, under this proceeding, seizure and destruction are permissible; whether the only remedies obtainable are not injunction and punishment. *Second.* If permissible, they are the mere incident of the action, and not the subject-matter in dispute, which is whether defendant is engaged in a prohibited business, and if so should be enjoined. *Third.* No business or property is di-

rectly or indirectly involved in or affected by this action, which defendant ever had the unrestricted right to continue or sell.

Additional and stringent restrictions have been imposed by this statute, but the power to impose them is beyond question. No property or personal rights of defendant are invaded, save as he acts in defiance of those restrictions. No property or business is touched, save by judicial proceedings of old and familiar use. How, then, can it be said that his property is taken, or his business destroyed, without due process of law?

Finally, it must be remembered that in questions of doubt as to jurisdiction, the federal courts should remand. They should not be covetous, but miserly, of jurisdiction. The state court had originally unquestioned jurisdiction. The overburdened docket of this court should not be loaded with removed cases, unless its jurisdiction is clear and the mandates of the law imperatively require it. Especially is that true of cases in which the state is attempting, in its own courts, to enforce its statutes, designed for the peace and good order of its citizens.

The motion to remand will be sustained.