## WILLIAM BRADLEY *vs.* CHRISTOPHER R. BEETLE.

Norfolk. November 18, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Habeas Corpus — Conclusiveness of Judgment — Res Judicata — False Imprisonment.*

A judgment on habeas corpus remanding a judgment debtor arrested on execution is no bar to an action brought by him against the creditor for assault and false imprisonment.

TORT, for an assault and false imprisonment. Trial in the Superior Court before *Hammond,* J., who ordered a verdict for the defendant, and reported the case for the determination of this court, in substance as follows.

The plaintiff was arrested on an execution, dated October 11, 1887, and issued upon a judgment rendered against him in favor of the defendant. The affidavit required by the Pub. Sts. c. 162, § 17, charged that the plaintiff had property not exempted from being taken on execution, which he did not intend to apply to the payment of the defendant's claim. The citation required by the Pub. Sts. c. 162, § 18, in case of such a charge, was duly issued by a magistrate, on November 3, 1887, and ordered the plaintiff to appear for examination on November 12, 1887. The plaintiff failed to comply with an order of the magistrate, made

on March 7, 1888, to produce certain property, and the defendant on April 4, 1888, for the first time made the affidavit above mentioned; and the plaintiff was arrested on April 24, 1888. On the same day the plaintiff filed a petition for a writ of habeas corpus, alleging that the arrest was illegal, on the ground that the magistrate had duly discharged him at the expiration of the hour of an adjourned meeting, held on March 28, 1888, at which neither the defendant nor any one in his behalf had appeared. The writ of habeas corpus was duly issued on this petition, and on or about June 8, 1888, a hearing was had upon the writ, at which the defendant, by his attorney, appeared, in accordance with the provisions of the Pub. Sts. c. 185, § 19, and objected to the discharge of the plaintiff. At this hearing the plaintiff alleged no ground in support of his contention that his arrest was illegal except that set forth in the petition. After a full hearing of both the defendant and the plaintiff as to the legality of the arrest, in which neither party alluded, either by evidence or argument, to any ground except the one thus set forth, the court, without further hearing, remanded the plaintiff into custody.

The defendant contended that the question of the plaintiff's arrest was *res judicata.* The plaintiff contended that his arrest was illegal, upon the ground that no affidavit was made upon the execution before the magistrate issued the citation, and that therefore all the proceedings before the magistrate were void; that the judgment on the writ of habeas corpus was not competent as evidence in this action, unless it appeared that the facts sought to be relied upon as *res judicata* were actually passed upon at the hearing thereon; and offered oral evidence to show that the only question raised at the hearing, and thereon heard and determined, was whether he could be legally arrested after his departure with the magistrate's consent. It was not contended by the plaintiff that the order remanding the prisoner set forth the grounds of the decision.

The judge, upon the objection of the defendant, excluded the evidence thus offered, and ruled that the question of the legality of the arrest had been settled, so far as parties to this suit were concerned, by the order upon the writ, and ordered a verdict for the defendant.

If the ruling was erroneous, the verdict was to be set aside; otherwise, judgment was to be entered on the verdict.

*T. E. Grover*, for the plaintiff.

*G. C. Abbott*, for the defendant.

FIELD, C. J.  It is unnecessary to decide whether, in the proceedings on habeas corpus, the parties were in any proper sense the same as in the present action.  See *Commonwealth* v. *Briggs*, 16 Pick. 203.  At common law, a final judgment remanding the prisoner in proceedings on habeas corpus is not a bar to a subsequent application for another writ of habeas corpus.  *Ex parte Partington*, 13 M. & W. 679.  *Cox* v. *Hakes*, 15 App. Cas. 506.

The Pub. Sts. c. 185, § 26, provide that " no person who has been discharged upon a habeas corpus shall be again imprisoned or restrained for the same cause, unless," etc.  Accordingly, it was held in *McConologue's case*, 107 Mass. 154, 171, that " the judicial discharge of a prisoner upon habeas corpus conclusively settles that he was not liable to be held in custody upon the then existing state of facts."  This declaration is undoubtedly true in this Commonwealth, although by the decision of the Supreme Court of the United States in *Tarble's case*, 13 Wall. 397, this court had no jurisdiction in *McConologue's case*.  But, from the nature of the proceedings, a judgment discharging a prisoner has a different effect upon subsequent proceedings from a judgment remanding a prisoner.  The proceedings on habeas corpus are intended to be summary; the hearing is often had before a single justice, with no absolute right of exception or appeal; and out of regard for the liberty of the subject, it has been considered that a judgment against the prisoner on habeas corpus should not be considered as conclusive against him in future proceedings, whether all the material facts were presented at the previous hearings or not.  It is not important now to determine whether it may nòt be a matter of discretion in the court or justice to hear and determine a new application for a writ of habeas corpus, when it appears that the same state of facts continues to exist as at former hearings, or whether the prisoner has in every case the right to have successive applications heard and determined on their merits, even if all the facts were presented at the previous hearings.  It is sufficient for the present case, that a judgment on habeas corpus remanding the prisoner is not,

as matter of law, a bar to subsequent proceedings of the same kind, founded on the same facts; and *a fortiori* such a judgment is not a bar to the present action. *People* v. *Brady*, 56 N. Y. 182. *Ex parte Kaine*, 3 Blatchf. C. C. 1. *In re Perkins*, 2 Cal. 424. *In re Ring*, 28 Cal. 247. *Ex parte Alexander*, 2 Am. Law Reg. 44. Church on Habeas Corpus, § 386.

*Verdict set aside.*