ORTON G. ORR, Plaintiff, *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Defendant.

(City Court of the City of New York, Special Term, December, 1913.)

Statutes — suits may be based on a statute without involving a construction — action brought in state court under Interstate Commerce Act to recover damages for loss of merchandise — corporations — when order for removal of cause to federal court directed.

A suit may be based on a statute without in any way involving a construction thereof.

Unless it appears affirmatively from the complaint in an action brought in a state court to enforce a right conferred solely by a federal statute that the cause of action has its origin thereunder, the case is not removable to a federal court.

Where the complaint in an action brought in a state court, under the Interstate Commerce Act of 1906 and the Carmack amendment to section 20 of the original act, to recover damages for loss of merchandise alleges that defendant, a corporation engaged in interstate commerce, accepted and received certain goods belonging to plaintiff's assignor for transportation between Maryland and Ohio, issued its bill of lading therefor as the initial carrier, and that defendant, or its connecting carrier, negligently damaged or lost said goods while they were in transit, and there is no controversy between the parties as to the construction of said federal statute and only questions of fact are to be determined, an order for the removal of the cause to a federal court will be denied.

MOTION by defendant for an order directing that this action be removed to the District Court of the United States for the Southern District of New York.

Tipple & Plitt (Arthur W. Clement, of counsel), for plaintiff.

Cravath & Henderson (Henry E. Chapin, of counsel), for defendant.

GREEN, J. This is a motion made by the defendant for an order directing that this action be removed to the District Court of the United States for the Southern District of New York, and " that no further proceedings be had herein in this court." The action is brought by the plaintiff, as appears from the complaint, to recover damages for the loss of merchandise delivered to the defendant, who was the initial carrier, and to be shipped from a point in Maryland for delivery in Ohio. The defendant has given due notice of this motion, duly presented its petition and bond and contends, as a matter of right, that the action be removed, upon the ground that " this suit and the matter in controversy herein arise under the laws of the

United States regulating commerce," and consequently, that the court is without power to proceed further in the matter. The plaintiff, however, insists that the motion should be denied upon the ground, first, that it does not appear affirmatively from the complaint that plaintiff is seeking to enforce a right conferred solely by the Interstate Commerce Law, and, second, that the action is not one " arising under " the laws of the United States within the meaning of those words as interpreted by the authorities. Counsel for both parties concede that the question involved is novel, so far as having heretofore been determined by a state court. The complaint herein in substance alleges that the defendant corporation is engaged in interstate commerce between Maryland and Ohio, that the defendant accepted and received certain property alleged to be the property of the plaintiff's assignor for transportation between said states, and issued its bill of lading therefor as the initial carrier of such shipment, and that the defendant or its connecting carrier negligently damaged or lost said goods while so engaged in the transportation thereof between said states. It is evident from the perusal of the complaint that the action is brought under the so-called Interstate Commerce Act, which congress on June 29, 1906, enacted, and is known as the Hepburn Act, and which included an amendment to section 20 of the original act, known as the Carmack Amendment (Act of June 29, 1906, 34 Stat. 584, chap. 3591). That portion material to this motion is as follows: " That any common carrier, railroad or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transpor-

tation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed, provided that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law. * * *.'' That being the statute under and upon which the plaintiff sues, the question of the right of removal must be determined by the statute provided therefor. The right of removal from the state court to the federal court of certain actions is provided by the United States Judiciary Act of March 3, 1911, entitled ''An Act to Codify, Revise and Amend the Laws Relating to the Judiciary.'' (36 Stat. 1091.) The Judiciary Act, section 28, is in part as follows: ''Any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought in any State court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district.'' Section 24 of the Judiciary Act describes the suits of which the federal courts in first instance have original jurisdiction. Subdivision 1 of that section provides that the District Courts shall have original jurisdiction '' of all suits of a civil nature, * * * where the matter in controversy exceeds, exclusive of interests and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or Laws of the United States, or treaties made, or which shall be made under their authority, or (b) is between citizens of

different States, * * * *provided, however,* that the foregoing provision as *to the sum or value of the matter in controversy* shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section." Subdivision 8 of section 24, a succeeding paragraph, provides that the District Courts of the United States shall have original jurisdiction " of all suits and proceedings *arising under any law regulating commerce,* except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court." Section 29 of the Judiciary Act provides: " Whenever any party *entitled* to remove any suit mentioned in the last preceding * * * he may make and file a petition verified in such suit in such State court. * * * It shall then become the duty of the State court to accept said petition and bond and proceed no further in such suit." This language, in my opinion, clearly imposes upon the state court the duty to determine in the first instance, particularly when opposition to the motion for removal is made, whether or not the defendant is " entitled " to such removal; and notwithstanding the fact that the United States District Court under the statutes has the right, upon motion of either counsel, or upon its own motion, to remand the cause to the state court, if it has been improperly removed thereto, nevertheless the state court should not shirk the duty of determining the question if called upon to act. The case at bar involves less than $3,000, and the importance of the question lies in the fact that if any suit brought in a state court, and " arising under any law regulating commerce," may be removed regardless of the amount involved, and simply because it has its origin in the statute, then a flood of litigation is liable to ensue sufficient to engulf the District Court of the United States. The United States Supreme Court has

15

construed the meaning of the phrase '' of all suits and proceedings arising under any law regulating commerce '' as employed in the statute, and its interpretation of the statute, as evidenced by the decisions, leads to the irresistible conclusion that it is only when a federal question is involved, or the validity, construction or interpretation of the laws of the United States arise necessary to its determination, that a case is removable, and not where a question presented is one of fact only, even though the cause of action has its origin under the United States statute.    Not alone must the question so arise, *but it must appear affirmatively from the complaint* that it will so arise, before the case is removable.    The rule has been laid down by the United States Supreme Court as follows: '' Whether the jurisdiction depended on diverse citizenship alone, or on other grounds as well, must be determined from the complainant's statement of his own cause of action, as set forth in the bill, regardless of questions that may have been brought into the suit by the answers or in the course of the subsequent proceedings.    *    *    *    It is not enough that grounds of jurisdiction other than diverse citizenship may be inferred argumentatively from the statements in the bill, for jurisdiction cannot rest on any ground that is not affirmatively and distinctly set forth (*Shulthis* v. *McDougal*, 225 U. S. 561).''    As to when an action '' arises '' under a law of the United States the United States Supreme Court has said: '' But a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or validity or construction of the laws or treaties of the United States, upon the determination of which the result depends, and which appears in the record by plaintiff's pleading.''    *Spencer* v. *Duplan Silk Co.*, 191 U. S. 526, quoted with approval

in *Lovell* v. *Newman*, 227 U. S. 412.  In *Shulthis* v. *Mc-Dougal*, 225 U. S. 561, the Supreme Court said: ''A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends.''  In Foster's Federal Practice (5th ed., vol. 1, p. 56, § 24) the author well states the law thus: ''A suit arises under the Constitution or law of the United States whenever its correct decision depends on the construction of either.   It has been said that a suit cannot be removed from a state court to a federal court simply because in its progress a construction of the Constitution or a law of the United States may be necessary, unless it, in part at least, arises out of a controversy in regard to the operation and effect of some provision in that Constitution or law upon the facts involved.   In order to remove a cause on the ground that it arises under a statute of the United States the record must affirmatively show, from the facts alleged, that some disputed construction of the statute will arise for decision.   Where the contest is about the facts only, there can be no removal. A case removed to a federal court on the ground that the suit arose under the Constitution or laws of the United States will be remanded where the record fails to show that there will arise some contested point of law depending upon the Constitution or laws of the United States, what the question is and how it will arise.   It has been said that a cause is not removable simply because an act of Congress must be construed or applied, but that there must be a dispute as to the construction of the act, and facts to show the dispute must appear in the record.''   On page 59 of the same

work and volume the author says: "When a proposition has once been decided by the Supreme Court of the United States it can no longer be said that in it there still remains a Federal question," and upon this point it may be well to state that in the case of *Atlantic Coast Line R. R. Co.* v. *Riverside Mills,* 219 U. S. 186, the court upheld the laws upon which the cause of action in suit is based, and consequently there no longer remains a federal question as to the validity of that law. As counsel for plaintiff has well and tersely stated the proposition, "the right is not disputed, and the only question is whether the facts fit the law," and that question may be properly tried in a state court. The right to a removal of a cause has been passed upon by a number of United States Federal judges, and I refer to their decisions, as they plainly point out the logic as to how a suit may well be based upon a law without in any way involving the construction of the law. In the case of *Myrtle* v. *Nevada, C. & O. R. Co.,* 137 Fed. Repr. 193, the federal judge remanded the case to the state court and said: "To entitle the defendant to removal, it must show that the action arises under the act of Congress; that the plaintiff claims a legal right thereunder, which legal right is controverted by the defendant. The controversy must be one as to the construction of the statute, as distinguished from the questions of fact. It does not appear in the present case that there is any controversy between the parties as to the construction of the law. That question has been settled by the decision of the Supreme Court in *Johnson* v. *Southern Pacific RR.* (196 U. S., 1). Is there any federal question involved in this case? A federal question which will confer jurisdiction upon a United States court, either by original process or by removal, must be a question of law as stated by the plaintiff in his complaint, and not a question of fact. Where the

facts only are in dispute, and the federal law governing the case is uncontroverted, the United States court cannot take jurisdiction. When a legal question arising under the Constitution or a law or a treaty of the United States is decided by the Supreme Court, it ceases to be a Federal question (*State* v. *Bradley*, 26 Fed., 289, etc.)    *    *    *    The question of fact as to whether the defendant was engaged in interstate commerce, and whether, if so engaged, its cars were coupled as provided for in said act, can be tried and determined in the state court as well as here.'' In *Nelson* v. *Southern R. Co.*, 172 Fed. Repr. 478, an action was brought under the Employers' Liability Act. The federal judge remanded the action to the state court, saying: '' To justify a removal, under the provisions of the act of March, 1887–88, invoked here, the final determination of the case must depend upon the construction of the act of Congress — here the employers' liability act of 1908. It is not sufficient that the inquiry will be, as the trial progresses, do the facts measure up to this law of Congress? nor that, in the trial of the case, the application of the law to the facts will be often necessary; but it must appear that the final decision of the case will be controlled by the construction of the act. The meaning of the law must be in question, and not merely the sufficiency of the facts. *    *    *    A suit, as has been pointed out, may well be based on a law without involving, in any way, the construction of the law.'' In *Hubbard* v. *Chicago, M. & St. P. R. Co.*, 176 Fed. Repr. 994, the Federal judge remanded an action to the state court, saying: '' While the petition alleges that the case is one arising under the laws of the United States, the only facts appearing are that it is a case which comes within the Employers' Liability Act of 1908. But there is no statement in the complaint, answer or petition that there is any

dispute between the parties as to the construction or effect of that act. The fact that the plaintiff may base his right to recover thereon is not sufficient to justify a removal (*Nelson* v. *Southern R. Co.*, 172 Fed. Repr. 478, and cases therein cited).'' Defendant's counsel insists, notwithstanding these decisions, that the whole question is embraced under the Interstate Commerce Law, and consequently a removal is mandatory. In his able brief he says: ''At first it was believed that the only effect of this new legislation was its apparent purpose of adding a new remedy in favor of shippers in interstate commerce against the initial carrier of their shipments. Since the cases of *Adams Express Co.* v. *Croninger* (1913, 226 U. S. 491), *Kansas City Southern R. Co.* v. *Carl* (1913, 227 U. S. 639), and *Missouri, K. & T. Ry. Co.* v. *Harriman* (1913, 227 U. S. 657), it is not open to doubt but that this amendment had a very much larger and more important scope in that in creating a new remedy against carriers in interstate commerce congress intended that in the words of the Supreme Court, ' that amendment undoubtedly manifested the purpose of congress to bring contracts for interstate shipments under one uniform rule or law, and therefore withdraw them from the influence of state regulation ' (227 U. S. 649). The logical effect of such a construction of the Carmack amendment, which, as shown above, requires that carriers shall issue bills of lading for interstate shipments and be bound thereby, results in the requirement that all such contracts shall in any state or federal court be wholly construed by and be subject to interpretation solely according to the rules of federal common law, as interpreted by the courts of the United States.'' He further says: '' That wherever and whenever under section 20 of the Interstate Commerce Act *any* question of construction is or *may* be raised in the enforcement

of the plaintiff's cause of action as to the terms and conditions of the bill of lading sued upon, the whole controversy and issues are necessarily within the federal jurisdiction.'' For instance (he says), in the opinion of Lurton, J., in the *Harriman Case* (227 U. S. 657) the following language is used, at page 672: '' The liability sought to be enforced is the ' liability ' of an interstate carrier for loss or damage under an interstate contract of shipment declared by the Carmack Amendment of the Hepburn Act of June 29, 1906. The validity of any stipulation in such a contract which involves the construction of the statute and the validity of a limitation upon the liability thereby imposed is a Federal question to be determined under the general common law, and, as such, is withdrawn from the field of state law or legislation.'' *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Michigan Central R. R. Co.* v. *Vreeland, ante,* 59. With his statement of the law I have no quarrel, but with his conclusions I differ, for from the complaint in the case at bar and the nature of the case I am unable to see at this time how any federal question can be held at this time to arise. There is no doubt in the court's mind that were a federal question hereafter to arise in the trial of this cause in the state court, that is to say, to '' arise '' within the meaning of the authorities, *supra,* the state court would doubtless be compelled upon motion of counsel to dismiss the same. The authorities hold that it must appear from the complaint that the question will so arise, and in the case at bar it fails to so do. I am not unmindful of the citations submitted by counsel for defendant (*McGoon* v. *Pacific R. Co.,* 204 Fed. Rep. 998, May, 1913, *Atchison, T. & S. F. R. Co.* v. *Kinkade,* 203 id. 165, and *Illinois Central Ry. Co.* v. *Segari,* 205 id. 998), nor shall I attempt to reconcile all of these with the decisions hereinbefore referred to as

emanating from the United States Supreme Court, and particularly that of *Lovell* v. *Newman, supra,* which quoted with approval a prior decision of the court, holding that " a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the constitution or validity or construction of the laws or treaties of the United States upon the determination of which the result depends, and which appears in the record by plaintiff's pleading." In my opinion no federal question arises, nor is one shown affirmatively to exist, by an examination of the complaint herein. Neither is the validity or interpretation of the law under which the action has its origin in question, and for that reason, in my judgment, the matter can properly be disposed of in the state court. The only questions there to be determined, as appears from the complaint, are questions of fact, and the state courts are not denied jurisdiction upon mere questions of fact, even though they arise or be based or have their origin under laws of the United States. For these reasons the motions to remove the cause to the District Court of the United States for this district is denied, without costs.

Motion denied, without costs.