### SYLVESTER v. KEELER.

(District Court, D. Massachusetts. June 22, 1923.)

No. 2425.

1. **Habeas corpus ⊜⊸45(2)—Jurisdiction of federal court to discharge person held under state authority exercised only in extreme cases.**

The jurisdiction which a federal court has in certain circumstances to discharge a person held under a state proceeding which is contrary to the Constitution of the United States is one which should be exercised only in extreme cases and never until after all steps have been taken in the state courts to test the validity of the state proceeding.

2. **Habeas corpus ⊜⊸45(2)—Remedy in state court must be exhausted before petition will be entertained by federal court.**

Where no request was made that a petition for writ, presented by one detained by state authority to a single justice of the Supreme Judicial Court and denied, be reserved for hearing by the full court, as authorized

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the law of Massachusetts under which also a second petition may be filed and so heard, application to a federal court will not be entertained.

Habeas Corpus. Petition by Lawrence Sylvester against Charles A. Keeler. Writ denied.

Clarence W. Rowley, of Boston, Mass., for plaintiff.
Albert Hurwitz, of Boston, Mass., for defendant.

LOWELL, District Judge. This is a petition for a writ of habeas corpus, brought by a boy who was committed to the Lyman School for Boys by the Third District Court of Eastern Middlesex on the ground that he was a delinquent child. The petitioner alleges that the act under which he was committed is unconstitutional, in that under it he was deprived of his liberty without due process of law, contrary to the provisions of the Fourteenth Amendment of the Constitution of the United States, and is held in involuntary servitude contrary to the Thirteenth Amendment.

It appears that in this case a petition for a writ of habeas corpus was heard before a single justice of the Supreme Judicial Court of Massachusetts, who denied the petition, and that no request was made to have the case reserved for the full court.

The petition raises an interesting question as to the constitutionality of laws relating to juveniles, as to which see, for instance, Ex parte Januszkewski (C. C.) 196 Fed. 123. The question, however, need not be decided in this case, as I am of the opinion that this court should not take jurisdiction of the writ.

[1] The jurisdiction which this court undoubtedly has in certain circumstances to discharge a person who is held under a state proceeding which is contrary to the Constitution of the United States is one which should be exercised only in extreme cases. Mr. Justice Brewer, sitting on the circuit, said of applications of this kind that the federal courts—

"should not be covetous, but miserly, of jurisdiction. * * * Especially is that true of cases in which the state is attempting, in its own courts, to enforce its statutes designed for the peace and good order of its citizens." State of Kansas v. Bradley (C. C.) 26 Fed. 289, 292.

The power of a federal court to interfere with state proceedings is a very delicate one. It has given rise in the past to a good deal of criticism, for which see Warren, The Supreme Court in United States History, vol. 1, pp. 301–308; Id. vol. 2, pp. 372–375; Id. vol. 3, p. 166. It has been decided that the jurisdiction should never be exercised until after all steps have been taken in the state courts to test the validity of the state proceeding. Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868; Drury v. Lewis, 200 U. S. 1, 26 Sup. Ct. 229, 50 L. Ed. 343 (and cases cited); Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760; In re Huse, 79 Fed. 305, 25 C. C. A. 1; Shapley v. Cohoon (D. C.) 258 Fed. 752.

[2] This has not been done in this case. It has already been said that no request was made to the single justice of the Supreme Judicial Court that the question be reserved for the full bench. This could

have been done. King's Case, 161 Mass. 46, 36 N. E. 685. It is also the law of Massachusetts that another petition for a writ of habeas corpus could be brought in this case, and then the request could be made for a decision of the full court. Bradley v. Beetle, 153 Mass. 154, 26 N. E. 429.

The petitioner claims that the statute under which he was sent to the Lyman School is a criminal statute. That may be doubtful, as the statute itself provides that the proceedings shall not be considered criminal. Gen. Laws Mass. c. 119, § 53. However, if it is a criminal statute, a writ of error will lie directly to the Supreme Court to correct any errors in the court below (Gen. Laws Mass. c. 250, § 9), and it would undoubtedly be possible in such a proceeding to contend that the statute was unconstitutional, and therefore that the proceedings were entirely without effect.

In some one of the ways above indicated the question of the constitutionality of the law may be tested in the courts of Massachusetts. The cases to which I have already referred show that under these circumstances this court should not take jurisdiction of the matter.

The petition for a writ is denied.