# IGNACIO GUASP, Plff.,

*v.*

# CONSTRUCTION SUPPLIES CORPORATION, Dft.

San Juan, Law, No. 1481.

Opinion filed January 14, 1924.

*Mr. Pedro G. Quiñones* and *Mr. M. Benitez Flores,* for plaintiff.

*Mr. Harry F. Besosa,* for defendant.

ODLIN, Judge, delivered the following opinion:

After this case was first remanded by this court to the Insular district court of its origin, there was a second petition for removal. Oral argument was had thereon and I was of the opinion that this case should be again remanded, and therefore signed an order to that effect. Very soon thereafter a petition for a rehearing was filed by the counsel for the defendant, and the same has been argued both orally and in

writing. The question now before this court for decision is whether the last order of remand should remain in force or be revoked.

Before discussing the interesting questions which are raised, I wish to express my deep regret at the language which is found on page 3 of the written argument submitted by the the attorney for the defendant, and also at certain language contained in the answer which has been filed before me to the written argument in support of the second petition for removal. Counsel for the defendant states that the plaintiff in the Insular court by his own acts has subsequently ignored the decision of this court with respect to the amount in controversy, and has by his own action, through questionable maneuvers and unprofessional trickery endeavored to make the defendant answer to a complaint of $6,000; and further, that the plaintiff has moved the Insular court to enter a default against the defendant upon a complaint seeking $6,000 damages, and that thereby the plaintiff has subsequently made the case a removable one.

I find in the answer to this portion of the argument an allegation that almost the whole argument of the defendant rests upon many cases of fraud cited by counsel for the latter, and that these cases of fraud are absolutely inapplicable to the case at bar. Thus far, I have no criticism to make of the language used by counsel for the plaintiff. But I also find an allegation that the entire argument submitted to me by counsel for the defendant is an apparent effort to deceive this court. Then there follows an allegation that ¶ 3 of page 3 of the brief filed by counsel for the defendant is so libelous with respect to the counsel for the plaintiff that it should not be toler-

ated by this court, and as a matter of fact, the conduct of the defendant's attorney in this case leaves room for many unfavorable interpretations.

I must most vigorously protest against language of this kind in any arguments, whether oral or written, submitted to this court. My examination of the papers in this case convinces me that counsel for the plaintiff may have honestly believed that after my remand to the Insular court he was justified in asking said Insular court to enter a default against the defendant upon a complaint which may be so construed as to set forth a complaint of damages amounting to $6,000. Counsel for the plaintiff may have acted in good faith, or he may have acted through ignorance of certain decisions,—which I will state frankly I never have read myself until this day. It is not fair or proper to charge a lawyer with questionable maneuvers or with unprofessional trickery unless proof thereof be clear. Likewise it is highly improper, in my judgment, for the attorneys employed by the plaintiff to charge the attorney for the defendant with an effort to deceive this court. I am satisfied that it was the effort of counsel for the defendant to enlighten this court instead of deceiving. It is my earnest hope that these few words of reprimand will be sufficient to cause a complete elimination hereafter of language such as I have cited with regard to the motives or purposes of opposing counsel.

Having disposed of this unpleasant feature of the case, I pass to the merits. It is now clear to me that I erred when I held that this court had no power to entertain a second petition for removal, and that the defendant must submit to the jurisdiction of the Insular district court. I had not read § 192 or § 404 of the recent valuable work by United States Circuit

Judge Rose upon Federal Jurisdiction & Procedure. In § 192 he says distinctly, with respect to the amount in controversy, that it is immaterial, on the question of Federal jurisdiction, that the trial of the action may show that the defendant does not owe the plaintiff as much as $3,000. Judge Rose says distinctly that the amount in controversy is that which the plaintiff seeks to make the defendant pay, and not the amount which the judgment says he must pay.

Turning to § 404 of the same book, he refers to a case which was not removable when the complaint was first presented. Then he goes on to discuss the question as to whether the defendant loses his right to have the case transferred to the Federal court because he did not ask to have it removed before the time at which he was required to plead to or answer the original declaration or complaint. He goes on and refers to one case cited by the attorney for the defendant in the present litigation, and that is the case of Powers v. Chesapeake & O. R. Co. 169 U. S. 92, 42 L. ed. 673, 18 Sup. Ct. Rep. 264; and he points out that the Supreme Court in accordance with obvious justice and common sense has decided that the defendant's petition for removal is filed in time if it be filed as soon as the cause assumes a removable form. But he goes on to observe, however, that this result follows only when the voluntary act of the plaintiff has made the case removable.

A decision much more in point, and which I think must control my present action, is an exceedingly important and interesting decision rendered in 1916 by United States District Judge Walter Evans, who recently departed this life after a remarkable career upon the Federal bench in Kentucky. The case decided by Judge Evans is that of Key v. West Kentucky

Coal Co. 237 Fed. 258. It is true that in this case the motion to remand to the state court was granted, but Judge Evans distinctly holds, in the closing part of his decision, that several general propositions are very clearly established by the authorities. One of these propositions is that the removal statute does authorize and permit the filing of a second petition for removal where, before any trial on the merits, the plaintiff changes parties so as to raise the question of diversity of citizenship, or where, before or even during the trial, the plaintiff amends his pleading, increasing the amount in controversy to a sum which exceeds $3,000, exclusive of interest and costs. That the same rule also holds where the plaintiff does some other act analogous to those mentioned. Judge Evans says distinctly that if the suit brought by the plaintiff is thus changed by his own action, he thereby for the first time brings it within the removal statute. At that time, if a petition be promptly filed, showing those facts, it will be seasonable as well as effective, and the situation entitling the defendant to remove will be the result of the plaintiff's own acts, and not of a judicial decision made during a trial in invitum. For instance, where an instructed verdict is given for the resident defendant at the close of the plaintiff's testimony.

Now, coming to the case as it stands to-day. After I held that the case should be remanded because the pleadings as read by me showed that the plaintiff could not possibly recover as much as $3,000 from the defendant, counsel for the plaintiff in the Insular court proceeded to discuss and argue an interpretation of his complaint which he himself conceived as entitling him, if true, to a sum largely in excess of $3,000. This argument, it seems, was permitted by his Honor the presiding

judge of the Insular district court, and I have not the slightest criticism of the action of that judge in permitting such argument to be made. But the instant he did permit it to be made, over $3,000 became involved, and the counsel for the plaintiff, in permitting himself to allow the pleadings to remain in such a form as to justify the court, before whom such proceedings were then pending, to entertain argument with respect to the allegations of that portion of the complaint, brought himself fairly and squarely within the condition so accurately described by Judge Walter Evans as " a change of plaintiff's suit by his own act." No decisions are cited by counsel for the plaintiff.

Convinced as I am that the doctrine of the Supreme Court of the United States in the Powers Case, which is distinctly cited by Judge Evans himself on page 260 of his own decision, is binding upon this court; and also that the decision of Judge Evans correctly states the rule, there is nothing for me to do except to revoke my order for a second remand, and the remand is now denied.

In this connection it is proper for me to say that I wish I could decide otherwise. I realize full well the rule that there is no presumption of jurisdiction in a Federal court; if there is any presumption it lies the other way. A Federal judge should refuse jurisdiction unless he is clear of his duty to entertain it. I have read nothing for a long time more in harmony with my own views than an extract from an opinion written by one of the most learned men who ever sat in the Federal courts of the United States. The Honorable David J. Brewer was for many years a member of the Supreme Court of the United States. When he was sitting at circuit in the year 1885, he delivered an interesting opinion in the case of

Kansas v. Bradley, reported in 26 Fed. 289. In the closing paragraph of his opinion on page 292 I find the following words: "It must be remembered that in questions of doubt as to jurisdiction the Federal courts should remand. They should not be covetous but miserly of jurisdiction. The state court had originally unquestioned jurisdiction. The overburdened docket of this court should not be loaded with removed cases unless its jurisdiction is clear and the mandates of the law imperatively require it."

Agreeing thoroughly with this doctrine, I would not maintain jurisdiction in this case unless I felt it was clear, and that the rules of the law imperatively require it.

The motion for a second remand is denied, and to this ruling the attorneys for the plaintiff except.

Done and Ordered in open court at San Juan, Porto Rico, this 14th day of January, 1924.